**In re Florence REINHARDT, Debtor.**

**NORTHEASTERN BANK OF PENNSYLVANIA, Plaintiff,**

v.

**Florence REINHARDT & John H. Appleton, Esq., Trustee, Defendants.**

**Bankruptcy No. 5–80–00592. Adv. No. 5–81–0195.**

United States Bankruptcy Court, M.D. Pennsylvania.

April 21, 1982.

William R. Kendall, East Stroudsburg, Pa., for plaintiff.

James R. Moyles, Stroudsburg, Pa., for defendants-debtor.

Myles R. Wren, Scranton, Pa., for trustee.

OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This adversary proceeding was commenced by the plaintiff, Northeastern Bank

of Pennsylvania (Bank), under § 362(d) of the Bankruptcy Code for relief from the automatic stay imposed by § 362(a) following the debtor's filing of a petition under Chapter 7 of the Code on November 10, 1981. The plaintiff, a mortgagee of certain real property of the debtor, seeks to modify the stay in order to commence mortgage foreclosure proceedings against this property. The debtor owns an undivided one-half interest in said property.

The plaintiff alleges that the debtor has no equity in her fractional share of the property since the debtor's obligation on the mortgage substantially exceeds the fair market value of her share. The plaintiff contends that the stay should be modified for cause, including the lack of adequate protection of its interest in the property.

The Court has decided to modify the stay since we find that the debtor has not furnished the plaintiff with adequate protection of its interest in the property within the meaning of § 362(d)(1).

## FINDINGS OF FACT

1. Florence Reinhardt, the debtor, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 10, 1981.

2. The plaintiff lent $64,800.00 on May 24, 1972, to the debtor, the debtor's niece and the niece's husband for the construction of a duplex home on Lot Nos. 7 and 8 of Pleasant View Acres in Polk Township, Monroe County, Pennsylvania.

3. To secure payment of this loan a mortgage was conveyed to the plaintiff.

4. The debtor owns an undivided one-half interest in the property.

5. No payments have been made on the mortgage since prior to the commencement of bankruptcy.

6. Subsequent to the commencement of bankruptcy, the debtor made certain repairs to the property, partly at her own expense.

7. Subsequent to the commencement of bankruptcy, the debtor secured at her own expense a homeowner's insurance policy in the amount of $80,000.00 covering the property in question.

8. The fair market value of the entire property is $61,000.00. The debtor's undivided one-half interest in the property is worth substantially less than this figure.

9. As of the commencement of bankruptcy the debtor owed the plaintiff $56,436.86 in principal on the mortgage, $1,291.00 in accrued pre-petition interest and $47.48 in accrued late charges for a total of $57,775.34.

10. The property is further encumbered by a lien of $4,500.00 held by the First National Bank of Palmerton.

11. Under the terms of the mortgage between the debtor and the plaintiff the debtor's monthly payment is $593.50.

12. The debtor has failed to prove that the property is currently producing rental income in the amount of $400.00 per month.

13. The debtor has no equity in her fractional interest in the property.

## DISCUSSION

The filing of a voluntary petition under the Bankruptcy Code operates as a stay of the enforcement against the debtor of a judgment obtained before the commencement of the bankruptcy and as a stay of any act to obtain possession of property of the estate. 11 U.S.C. § 362(a)(2) and (3). In the instant case the automatic stay is preventing the Bank from foreclosing on certain real property of the debtor.

■ The automatic stay imposed by § 362 of the Code is subject to termination or modification by the Court for grounds set forth in § 362(d) as follows:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

**4**

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

In an action to lift the automatic stay, the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property, while the party opposing such relief has the burden of proof on all other issues. § 362(g); *City National Bank v. San Clemente Estates* (In Re San Clemente Estates), 5 B.R. 605, 610 (Bkrtcy.S.D. Cal.1980).

■ Under § 362(d) the automatic stay may be terminated or modified for either of the two reasons set forth in subsection (d) as evinced by use of the disjunctive "or" linking (d)(1) and (d)(2). *General Motors Acceptance Corp. v. Miller* (In re Miller), 13 B.R. 110, 117 (Bkrtcy.S.D.Ind.1981); *First Connecticut Small Business Investment Company v. Ruark* (In re Ruark), 7 B.R. 46 (Bkrtcy.D.Conn.1980). There is no need for us to consider the second alternative, § 362(d)(2), since we have concluded that the plaintiff is not adequately protected within the meaning of § 362(d)(1).

The term "adequate protection" as used in the Bankruptcy Code is derived from the language of *In re Murel Holding Corp.*, 75 F.2d 941, 942 (2d Cir.1935), which is quoted in *Diversified Mortgage Investors v. Lake Tahoe Land Co., Inc.* (In re Lake Tahoe Land Co., Inc.), 5 B.R. 34, 36 (Bkrtcy.D.Nev. 1980):

It is plain that 'adequate protection' must be completely compensatory; . . . a creditor . . . wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most indubitable equivalence.

Although the term is not precisely defined, § 361 of the Code sets forth three non-exclusive examples of what may constitute "adequate protection" of an interest in property:

(1) periodic cash payments to the extent that the stay results in a decrease in the value of such interest;

(2) an additional or replacement lien to the same extent; or

(3) other relief as will result in the realization of the indubitable equivalent of such interest.

The debtor contends that the Bank's interest is adequately protected: 1) since a sufficient equity cushion exists; 2) since the debtor obtained insurance on the property; 3) since the debtor made certain repairs to the property; and 4) since the property has been producing rental income in the amount of $400.00 per month.

■ In response to the debtor's first contention, it is true that an equity cushion in and of itself may constitute adequate protection within the meaning of § 362(d)(1). *Delaware Valley Savings & Loan Association v. Curtis* (In re Curtis), 9 B.R. 110, 112 (Bkrtcy.E.D.Pa.1981). Nonetheless, the facts of this case indicate that the debtor has no equity in her undivided one-half interest in the property. We have determined that the fair market value of the property in question is $61,000.00. The plaintiff's secured claim against the property is in excess of $57,500.00. The property is further encumbered by a lien of $4,500.00. These two encumbrances aggregate in excess of the fair market value of the property. Furthermore, the $61,000.00 figure for the fair market value of the property represents not only the debtor's interest in the property but also the interests of the other two co-owners. The value of the debtor's fractional share of the property is substantially less than $61,000.00. Thus, we find that the debtor has no equity in her undivided one-half interest in the property.

The debtor's second and third contentions that the plaintiff is adequately protected due to the debtor's purchase of insurance on the property and execution of certain repairs is also without merit. The debtor offers neither authority nor rationale for her position that the purchase of insurance and the execution of repairs would adequately protect the plaintiff in the instant case. The Court finds that neither of these measures would adequately protect the plaintiff.

The debtor lastly contends that the plaintiff is adequately protected since the property is producing rental income of $400.00 per month. The debtor has failed to meet her burden of proving that the property is producing monthly rental income. Consequently, the debtor's fourth contention is without merit.

### CONCLUSIONS OF LAW

1. The debtor has not sustained her burden of proving that she has furnished the plaintiff with adequate protection for its interest in the property, since there is no equity cushion in her fractional share of the property and since there was no evidence offered by the debtor which would otherwise adequately protect the Bank's interest within the meaning of § 362(d)(1) of the Code.

2. The plaintiff is entitled to relief from the automatic stay imposed under 11 U.S.C. § 362(a) for cause, including lack of adequate protection of its interest in the subject property.