**In re Robert E. CURTIS, Debtor.**

**DELAWARE VALLEY SAVINGS & LOAN ASSOCIATION, Plaintiff,**

**v.**

**Robert E. CURTIS, Defendant.**

**Bankruptcy No. 80–00739K.**
**Adv. No. 80–0428K.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 5, 1981.

Lonny Cades, Cornwells Hts., Pa., for plaintiff.

Roland J. Atkins, Philadelphia, Pa., for debtor/defendant.

Margaret Graham, Philadelphia, Pa., Standing Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is the Complaint of Delaware Valley Savings and Loan Association ("Delaware Valley") seeking relief from the automatic stay pursuant to § 362(d), 11 U.S.C. § 362(d). Because we find that debtor has equity in the property sufficient to adequately protect the interest of Delaware Valley, the automatic stay shall remain in effect.[1]

The facts as stipulated to by the parties are as follows:

Delaware Valley is the holder of a first mortgage on the premises 112 North Main Street, Yardley, Pennsylvania, executed by the debtor on August 9, 1979, in the principal amount of $35,000.00. Due to an alleged default in the mortgage, Delaware Valley filed a Complaint in Mortgage Foreclosure in state court. On February 11, 1980, a judgment was entered against the debtor for failure to file an answer to the Complaint, in the amount of $38,223.32. Prior to a scheduled sheriff's sale, the debtor filed a Chapter 13 petition on April 9, 1980, thereby staying the sale. On August 6, 1980, Delaware Valley filed the instant Complaint for Relief from the Stay. By agreement of counsel, the trial on the Complaint was cancelled and memoranda of law were filed. The parties agree that the fair market value of the premises at 112 North Market (sic Main) Street is at least seventy five thousand dollars ($75,000).

A request for relief from the automatic stay is governed by Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), which states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

Delaware Valley, although admitting that equity exists in the property, alleges as a ground for lifting the stay, the lack of adequate protection of their interest in the property in that not a single mortgage payment has been made.

The term "adequate protection" is not defined in the Code. However, § 361 sets forth three (3) non-exclusive examples of

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 752.

what may constitute "adequate protection" if secured property is to be used by a debtor, i. e., (1) periodic cash payments equivalent to decrease in value, (2) an additional or replacement lien on other property, or (3) other relief that provides the indubitable equivalent. None of these has been offered. Instead, debtor argues that the equity cushion of approximately forty thousand dollars ($40,000) adequately protects Delaware Valley.

The concept of adequate protection as found in § 361

> is based as much on policy grounds as on constitutional grounds. Secured creditors should not be deprived of the benefit of their bargain. There may be situations in bankruptcy where giving a secured creditor an absolute right to his bargain may be impossible or seriously detrimental to the bankruptcy laws. Thus, this section recognizes the availability of alternate means of protecting a secured creditor's interest. Though the creditor might not receive his bargain in kind, the purpose of the section is to insure that the secured creditor receives in value essentially what he bargained for. H.R. Rep.No.95–595, 95th Cong., 1st Sess. 339 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6295.

This concept of adequate protection was first discussed in *In re Murel Holding Corporation*, 75 F.2d 941 (2nd Cir. 1935) where Judge Learned Hand stated:

> It is plain that 'adequate protection' must be completely compensatory; ... a creditor ... wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most *indubitable equivalence*. (Emphasis added.) *Id.*, at p. 942

Although the existence of an equity cushion as a method of adequate protection is not specifically delineated in § 361, it is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court. *See In re San Clemente Estates*, 5 B.R. 605, 6 B.C.C. 838 (Bkrtcy., S.D.Calif.1980) citing to *In re Blazon Flexible Flyer, Inc.*, 407 F.Supp. 861 (N.D.Ohio 1976). The conclusion that an equity cushion created by the excess of security over debt can itself constitute adequate protection with nothing more has been widely accepted. *In re San Clemente Estates, supra; In re Tucker*, 5 B.R. 180, 6 B.C.D. 699 (Bkrtcy., S.D.N.Y.1980); *In re Rogers Development Corp.*, 2 B.R. 679, 5 B.C.D. 1392 (Bkrtcy., E.D.Va.1980); *In re Sulzer*, 2 B.R. 680, 5 B.C.D. 1314 S.D.N.Y.1980); *In re Pitts*, 2 B.R. 476, 5 B.C.D. 1129 (Bkrtcy., C.D.Calif.1979); 2 Collier on Bankruptcy, § 361.01[3]; § 362.01[1] (15th ed.).

In the case *sub judice*, we conclude that the amount of the equity cushion is sufficiently large at this time to make a granting of the relief from the stay a premature action. We have held in the past that "the concept of adequate protection requires that the secured creditor be completely compensated or be given a 'substitute of the most indubitable equivalence' either now or in the near future". *In re Heath*, 9 B.R. 665 (E.D.Pa., 1981). Based on the present record, we can only conclude that the creditor's interest is adequately protected and will be completely compensated due to the substantial equity present here upon either the confirmation of a Chapter 13 plan or eventual sale of the property.

Although relief is being denied at this juncture, the safeguards of adequate protection to the secured creditor must remain paramount and thus, denial in no way precludes subsequent complaints should there be an erosion of the collateral.

Delaware Valley has failed to present evidence as to the current arrearage of the mortgage. Thus, we are unable to consider the feasibility of ordering periodic payments as protection against any possible erosion of the security.

In its Complaint, Delaware Valley has raised various objections to the debtor's plan. Those objections were neither argued nor tried. The court must decline consideration of those objections at this time pend-

ing a formal objection to confirmation and hearing.

Accordingly, having found that the debtor has substantial equity in the property thus adequately protecting the security interest of Delaware Valley, the Complaint requesting relief from the stay is hereby denied.