In re Leon W. RUTTER, t/a Main Line Realty and Caroline D. Rutter, husband and wife, individually and jointly, Debtors.

STATE CAPITAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

Leon W. RUTTER, t/a Main Line Realty and Caroline D. Rutter, husband and wife, individually and jointly, Defendants.

Bankruptcy Nos. 79–898 TT to 79–900 TT.

United States Bankruptcy Court, E. D. Pennsylvania.

March 23, 1981.

Ralph J. Althouse, Jr., Reading, Pa., for plaintiff.

Ellis Brodstein, Reading, Pa., for debtors.

## MEMORANDUM

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Plaintiff, State Capital Savings and Loan Association [hereinafter referred to as State Capital] a secured creditor of the debtors, has filed a complaint seeking relief from the stay imposed by Rule 11–44 of the Rules of Bankruptcy Procedure [hereinafter referred to as Bankruptcy Rules].[1] For reasons hereinafter given, the complaint shall be dismissed.[2]

State Capital holds a mortgage on real estate of the debtors located at 237 Lancaster Pike West, Shillington, Berks County, Pennsylvania. State Capital has filed an amended proof of claim in the amount of $65,754.08. These facts are admitted.

State Capital alleges that encumbrances on the real estate total $195,082.41 and include not only State Capital's mortgage, but judgment liens, taxes and other charges. Debtors contend that the total dollar amount of *valid* encumbrances is $108,077.07. State Capital alleges that the fair market value of the property is $135,000. The debtors contend that the real estate is worth $150,000.

Bankruptcy Rule 11–44(d) provides:

Upon the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The Court may, for cause shown, terminate, annul, modify or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

In *In re The Overmyer Company, Inc.*, 2 BCD 992 (S.D.N.Y.1976), Bankruptcy Judge Babitt set forth the standard to be used in determining whether a creditor should be granted relief from the automatic stay:

Swiftly and surely, the spontaneous yield of the words casts upon the secured party seeking relief from the Rule 11–44(a) stay the burden to show cause why continuance of the stay would cause irreparable damage which, in the context of this dispute, should be read to mean an erosion of the value of the security in respect of the outstanding obligation.

Upon such showing, and under the unambiguous language of the last sentence of Rule 11–44(d), the burden shifts to the debtor to demonstrate its entitlement to continuation of the stay. Reading of this last sentence suggests that the debtor would be obliged to either refute the secured party's allegation of imminent, irreparable damage, or to show that a tipping of the equities should be considered in favor of continuation of the stay, so that the congenial climate of Chapter XI for the future rehabilitation of the debtor is not changed. In other words, to permit enforcement of the lien would seriously·hamper the debtor's ability to come to an accord with its unsecured creditors and emerge rehabilitated as Chapter XI contemplates.

2 BCD at 993. *See also* 2 *Collier on Bankruptcy* ¶ 361.10 (15th ed. 1980).

We conclude that State Capital has failed to carry its initial burden of having to show that continuation of the stay would cause it irreparable harm. State Capital has alleged that valid liens exceed in amount the fair market value of the property. This allegation, if proven, would satisfy plaintiff's initial burden under Rule 11–44. However, State Capital, in the face of debtors' allegations that certain of the liens on the real estate (other than that of State Capital) are not valid liens, has failed to offer any probative evidence

---

1. This Chapter XI case was filed prior to October 1, 1979 and is therefore governed by the provisions of the former Bankruptcy Act. *See* Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, Title IV, § 403(a), 92 *Stats.* 2683 (1978).

2. This Memorandum constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

that any of the disputed liens is indeed valid.[3]

 Moreover, we conclude that it would be inappropriate to determine the validity of any of the disputed liens without participation, as formal parties to an action pursuant to Bankruptcy Rule 701(2), of all those purporting to hold encumbrances on this real estate.[4]

The complaint shall be dismissed.

---

**3.** *See* Defendant's Answer, ¶ 12. Trial on the Complaint was held December 19, 1980.

**4.** The debtors offered no explanation why, since they dispute the validity of certain liens, they have not yet taken formal action to have them declared invalid.