In re HAYDEN DEVELOPMENT
COMPANY, INC., Debtor.

FIRST FEDERAL SAVINGS AND LOAN
ASSOCIATION OF CHESTER,
Plaintiff,

v.

HAYDEN DEVELOPMENT COMPANY,
INC., Defendant.

Bankruptcy No. 80-00811K.
Adv. No. 80-0255K.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 28, 1981.

---

Thomas H. Broadt, Media, Pa., for plaintiff.

Edgar Y. Harris, Media, Pa., for defendant.

Stephan L. Axelrod, Bala Cynwyd, Pa., for William P. Webb.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the Complaint of First Federal Savings and Loan Association of Chester to modify the automatic stay pursuant to § 362(d) of the Bankruptcy Code.

After hearing held and in consideration of the evidence presented, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. First Federal Savings and Loan Association of Chester ("First Federal") is the holder of two (2) mortgages on property of the debtor located in Avondale, Chester County, Pennsylvania.

2. Debtor, Hayden Development Company, Inc., ("Hayden") is the owner of the subject premises.

3. On September 1, 1978, Hayden executed a mortgage and mortgage note to First Federal in the sum of $553,500.00, said mortgage being duly recorded.

4. On September 19, 1979, Hayden executed a mortgage and mortgage note to First Federal in the sum of $34,500.00, said mortgage being duly recorded.

5. As of the date of hearing, the total amount due and owing to First Federal, including interest, was $300,308.76. [N.T. 30]

6. The subject property is a residential building development with seven (7) residential building lots and six (6) single family detached dwellings. [N.T. 92]

7. Expert testimony placed the value of the property at $343,000.

8. The cost of completion of the properties which is a prerequisite to any eventual sale was placed at $55,027.00. [N.T. 83]

9. The last mortgage payment received by First Federal from Hayden was November of 1979. [N.T. 30]

10. In 1980, First Federal was required to pay the fire insurance on the improvements located at the property at a cost of $528.00. [N.T. 31]

## DISCUSSION

Section 362(d) provides the standard to be applied in complaints for relief from the stay:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Section 362(g) allocates the burden of proof on the above issues as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

First Federal alleges two (2) grounds for relief from the automatic stay: (1) lack of

adequate protection of their interest in the property, and, alternatively, (2) that Hayden does not have an equity in the property and the property is not necessary to an effective reorganization.

First Federal need establish only one of these alternatives, found in § 362(d)(1), to support its claim for relief. *See First Connecticut Small Business v. Ruark (In re Ruark)*, 7 B.R. 46 (Bkrtcy.D.Conn.1980).

Conflicting expert testimony was presented at the trial concerning the value of the subject property. Debtor's appraisal indicated a market value of $343,000, a figure substantially higher than that presented by the appraiser of First Federal. Based on the testimony presented and on the thorough appraisal conducted and submitted to the Court by the appraiser for debtor, the Court has found the value of the property to be approximately $343,000. However, evidence was presented indicating that market value was based upon each of the properties being completed. The amount necessary to totally complete construction is $55,027.00. Deducting this sum from the market value of $343,000, we find the equity value of the property to be approximately $288,000. Because the debt owing to First Federal has been determined to be over $300,000, Hayden lacks an equity in the subject property.

Hayden has failed to meet its burden of proving that First Federal's interest in the property is adequately protected. Although we believe that the subject property is necessary to an effective reorganization thus precluding relief under § 362(d)(2) we find that cause has been shown for the lifting of the stay pursuant to § 362(d)(1).

### CONCLUSIONS OF LAW

1. Debtor's lack of equity in the subject property and inability to provide adequate protection of First Federal's interest constitutes cause for the lifting of the stay pursuant to § 362(d)(1).

2. Debtor's failure to remit mortgage payments to First Federal since November of 1979 and to pay 1980 fire insurance constitutes cause for the lifting of the stay pursuant to § 362(d)(1).

3. The stay is modified so as to permit First Federal to proceed with mortgage foreclosure.