In re Lynn F. KANE and Kenn Anne Kane, t/d/b/a Faith Logging Company, Debtors.

CLARK EQUIPMENT CREDIT CORPORATION, Plaintiff,

v.

Lynn F. KANE and Kenn Anne Kane, t/d/b/a Faith Logging Company, Defendants.

Bankruptcy No. 5–82–00074.

Adv. No. 5–82–0171.

United States Bankruptcy Court, M.D. Pennsylvania.

March 3, 1983.

Joseph B. Finlay, Wilkes-Barre, Pa., for plaintiff Clark Equipment Co.

Benjamin Novak, State College, Pa., for debtors.

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The creditor, Clark Equipment Credit Corporation (Clark), has commenced suit for a modification of the automatic stay imposed by 11 U.S.C. § 362(a) in order to foreclose its security interest in one of the debtors' business machines. For the reasons stated herein, we deny the relief requested.

## FINDINGS OF FACT

1. The debtors, Lynn F. Kane and Kenn Anne Kane, petitioned for relief under Chapter 11 of the Bankruptcy Code on February 2, 1982.

2. Clark holds a perfected security interest in a log skidder owned by the debtors.

3. The value of the log skidder is $38,000.

4. The secured indebtedness owed to Clark by the debtors is $33,178.09.

5. The log skidder is necessary to the debtors' effective reorganization.

6. The debtors are in the practice of maintaining the log skidder in proper working order and have made substantial repairs to the vehicle since the commencement of bankruptcy such as rebuilding the engine, repairing the hydraulic system, and replacing tires.

7. The debtors have substantial equity in the log skidder.

8. Clark's interest in the log skidder is adequately protected.

## DISCUSSION

■ Immediately upon the filing of a petition for relief under the Bankruptcy Code a stay arises which generally bars all debt collection activities against the debtor or the property of his bankruptcy estate. 11 U.S.C. § 362(a). Clark has commenced proceedings in this court pursuant to § 362(d) to modify the stay in order to foreclose its security interest in the debtors' log skidder. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Under this section the automatic stay may be terminated or modified for either of the two reasons set forth in subsection (d) as evinced by use of the disjunctive "or" linking (d)(1) and (d)(2). *General Motors Acceptance Corp. v. Miller* (In Re Miller), 13 B.R. 110, 117 (Bkrtcy.S.D.Ind.1981); *First Connecticut Small Business Investment Company v. Ruark* (In re Ruark), 7 B.R. 46 (Bkrtcy.D.Conn.1980). Since we have found that the property in question is necessary to an effective reorganization of the debtors' business, relief cannot be granted under § 362(d)(2) regardless of the amount of the debtors' equity in such property. Nonetheless, Clark contends that relief can be granted under § 362(d)(1) "for cause" since its security interest in the log skidder is not adequately protected.

Two issues arise in this case in Clark's request for relief. The first is the showing necessary for relief under § 362(d)(1). The second is the proper standard to be used in valuing the property in question. Under the second issue we must also apply this standard to the disputed testimony at bar and establish the value of the log skidder.

■ Our analysis of the first issue begins with § 362(g) which allocates the burden of proof in an action for relief from the automatic stay. That section states as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

As applied to the case at bar Clark has the burden of the issue of the debtors' equity in the skidder while the debtors seem to have the burden of proof on all other issues. Clark contends that § 362(g) imposes on the debtors the burden of establishing whether the creditor's security interest is adequately protected. Several cases support Clark's view.[1] Nonetheless, virtually all the cases

---

1. See, e.g., *Peachtree Federal Savings & Loan Assoc. v. Universal Profile, Inc.* (In Re Universal Profile, Inc.), 5 B.R. 572 (Bkrtcy.N.D.Ga. 1980); *Franklin Corp. v. Riviera Inn of Wallingford, Inc.* (In Re Riviera Inn of Wallingford, Inc.), 7 B.R. 725 (Bkrtcy.D.Conn.1980); *First*

uncovered have allocated this burden to the debtor without discussion. Since we disagree with the appropriateness of this view in cases of this type, further attention to the issue is required.

 It seems that the bulk of cases arising under § 362(d)(1) are those in which the creditor holding a secured claim alleges that the debtor has no equity or insufficient equity in the collateral to protect adequately the creditor's security interest. A creditor's substantiated averments on this basis, if not refuted or undercut by the debtor, are sufficient for relief under § 362(d)(1). *Delaware Valley Savings & Loan Assoc. v. Curtis* (In Re Curtis), 9 B.R. 110 (Bkrtcy.E.D.Pa.1981); *Commercial Trading Co., Inc. v. Penn York Manufacturing, Inc.* (In Re Penn York Manufacturing, Inc.), 14 B.R. 51 (Bkrtcy.M.D.Pa.1981). This type of action for relief consequently requires a determination of the debtor's equity in the property in question. Thus, we cannot judge the validity of the creditor's claim without establishing this. Section 362(g) imposes the burden of proof on this issue upon the creditor. Consequently, when a party seeks relief under § 362(d)(1) predicating his claim upon the debtor's equity or lack of equity in an article of property, the creditor must bear the burden of proof on the issue of that equity due to § 362(g).

 Furthermore, § 362(d)(1) requires a party seeking relief to establish a prima facie case for such relief. This is supported by the language of the section which states that "(o)n request of a party in interest . . . the court shall grant relief from the stay . . . *for cause,* including the lack of adequate protection of an interest in property of such party in interest." § 362(d)(1) (Emphasis added). This section imposes the substantive requirement of "cause" on a party who seeks relief from the stay. In our system of law the party requesting relief from a court typically bears the burden of meeting such substantive prerequisites to relief. *Arthur v. Unkart,* 96 U.S.

118, 122, 24 L.Ed. 768 (1877); *U.S. v. National Starch Products, Inc.,* 318 F.2d 737, 740, 50 C.C.P.A. 1 (Cust. & Pat.App.1962); *Hervitz v. New York Life Ins. Co.,* 160 Pa.Super. 496, 499, 52 A.2d 368 (1947). Cleary, *Presuming and Pleading: An Essay on Juristic Immaturity,* 12 Stan.L.Rev. 5, 7 (1959). To the extent that the "cause" requirement of § 362(d)(1) may be at odds with the allocation of the burden of proof of § 362(g), we believe that the substantive requirement of § 362(d)(1) controls.

Our view of § 362(d)(1) is supported by Collier, which states as follows:

¶ 362.10. *Burden of Proof.* § 362(g).

Under the existing Rules of Bankruptcy Procedure the issue of burden of proof was reasonably clear, based upon the requirement that the party opposing relief had to show that it was entitled to a continuation of the stay. . . .

[But] (i)t was not accurate to assume that the entire burden in stay litigation was on the debtor or trustee resisting the secured creditor's action. The rules clearly provide that a showing of cause be made by the plaintiff. . . .

To some extent, the Code attempts to follow the practice in the Rules by requiring a showing of cause by the party requesting relief under section 362(d)(1) and then in section 362(g) placing the burden of proof (risk of nonpersuasion) on the party opposing relief for all issues other than that of "the debtor's equity in property." It seems whether in the context of raising a lack of adequate protection under section 362(d)(1) the creditor often will have to sustain the burden of showing "lack of equity" to have made a showing of cause in order to shift the burden of going forward to the debtor who bears the burden of showing that the creditor is adequately protected. Thus whenever the issue of the debtor's equity in property is relevant in a hearing under section 362(d) or (e), the party requesting relief from the stay will have the burden

*Federal Savings and Loan Assoc. of Chester v. Hayden Development Co., Inc.* (In Re Hayden Development Co., Inc.), 10 B.R. 765 (Bkrtcy.E.

D.Pa.1981); *In Re Gauvin,* 24 B.R. 578, Bankr. L.Rep. (CCH) ¶ 68,804, at 81,487 (Bkrtcy. 9th Cir.1982).

of proof (risk of nonpersuasion) on that issue.

2 Collier on Bankruptcy ¶ 362.10 (15th ed. 1982).

The practice under the Bankruptcy Rules and the former bankruptcy statute, the Bankruptcy Act of 1898, also supports our view. Rules 601(c), 10–601(c), 11–44(d) and 12–43(d) each stated that the bankruptcy court could "*for cause shown,* terminate, annul, modify, or condition such stay." (Emphasis added). Although the Advisory Committee Notes to Rule 601 provided ostensibly that "(i)n any proceeding to determine whether the stay provided by this rule shall be continued, the burden of justification rests on the trustee, receiver, or other party seeking its continuation," the case law established that the stay would be continued notwithstanding, unless the creditor established a prima facie showing of his entitlement to such relief. It was only then that the debtor or trustee had to bear the burden of proving that the creditor was adequately protected. *First National Bank of Boston v. Overmyer Co., Inc.* (In Re Overmyer Co., Inc.), 2 B.C.D. 992 (Bkrtcy.S. D.N.Y.1976) (construing Bankruptcy Rule 11–44(d)); *State Capital Savings and Loan Assoc. v. Rutter* (In Re Rutter), 9 B.R. 878 (Bkrtcy.E.D.Pa.1981) (also construing Rule 11–44(d)); 2 Collier on Bankruptcy ¶ 362.10 (15th ed. 1982).

In summation, a party seeking relief under § 362(d)(1) must first establish a prima facie case for relief since relief can only be afforded "for cause." Furthermore, when a party seeking relief under § 362(d)(1) predicates his claim on the debtor's equity or lack of equity in an article of property, the creditor must bear the burden of proof on the issue of that equity due to § 362(g). When the creditor establishes this prima facie case, it is then the debtor's obligation to come forward with evidence that the creditor's position is adequately protected. In many cases the debtor's offer of adequate protection is nothing more than the equity cushion in the collateral. In such cases the creditor is entitled to relief, since establishment of the creditor's prima facie case necessarily indicates that the equity cushion was insufficient. In many other cases the debtor offers some other form of adequate protection such as those enumerated in 11 U.S.C. § 361. In these instances after the creditor has established his prima facie case that his security interest is in jeopardy, the debtor bears the burden of proving that his tender of protection is in fact adequate protection.

The second issue presented in this case is the proper standard to be applied in valuing the collateral in question. In a case such as this we must establish this value in order to determine if the creditor is adequately protected within the meaning of § 362(d)(1). The creditor contends that the proper standard is wholesale value since upon repossession and resale only the wholesale price of the vehicle will be realized.

The term adequate protection is not defined in the Bankruptcy Code although § 361 provides three nonexclusive examples of it. The Code also does not provide the proper standard to be applied in valuing collateral to determine if a creditor's security interest is adequately protected. The legislative history indicates that this omission was intentional and purposeful. In part the history states as follows:

> The section specifies two [2] exclusive means of providing adequate protection, both of which may require an approximate determination of the value of the protected entity's interest in the property involved. The section does not specify how value is to be determined, nor does it specify when it is to be determined. These matters are left to case-by-case interpretation and development. In light of the restrictive approach of the section to the availability of means of providing adequate protection, this flexibility is important to permit the courts to adapt to varying circumstances and changing modes of financing.

**2.** S.Rep. No. 95–989 accompanied S. 2266 which provided only two means of providing adequate protection. Current 11 U.S.C. § 361(3) was absent.

Neither is it expected that the courts will construe the term value to mean, in every case, forced sale liquidation value or full going concern value. There is wide latitude between those two extremes although forced sale liquidation value will be a minimum.

In any particular case, especially a reorganization case, the determination of which entity should be entitled to the difference between the going concern value and the liquidation value must be based on equitable considerations arising from the facts of the case. Finally, the determination of value is binding only for the purposes of the specific hearing and is not to have a res judicata effect.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 54 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5840. The House Report contained similar statements:

The section specifies four[3] means of providing adequate protection. They are neither exclusive nor exhaustive. They all rely, however, on the value of the protected entity's interest in the property involved. The section does not specify how value is to be determined, nor does it specify when it is to be determined. These matters are left to case-by-case interpretation and development. It is expected that the courts will apply the concept in light of facts of each case and general equitable principles. It is not intended that the courts will develop a hard and fast rule that will apply in every case. The time and method of valuation is not specified precisely, in order to avoid that result. There are an infinite number of variations possible in dealings between debtors and creditors, the law is continually developing, and new ideas are continually being implemented in this field. The flexibility is important to permit the courts to adapt to varying circumstances and changing modes of financing.

Neither is it expected that the courts will construe the term value to mean, in every case, forced sale liquidation value or full going concern value. There is wide latitude between those two extremes. In any particular case, especially a reorganization case, the determination of which entity should be entitled to the difference between the going concern value and the liquidation value must be based on equitable considerations based on the facts of the case. It will frequently be based on negotiation between the parties. Only if they cannot agree will the court become involved.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 339 (1977), U.S.Code Cong. & Admin.News 1978, p. 6295. The legislative history indicates to us that the standard of valuation to be applied in a particular case is within the discretion of the bankruptcy judge. Consequently, we choose not to adopt generally the creditor's proposed standard of valuation. To do so would undermine the court's flexibility in adapting to the unique circumstances presented in each case. We choose not to adopt the wholesale value standard in the case at bar and use instead the standard of fair market value.

The last problem at issue in the case is the conflicting testimony presented as to the model of the vehicle and its value. We note that the evidence of value in favor of the debtors carries greater weight on both these points and thus we find the value of the vehicle to be $38,000.

## CONCLUSIONS OF LAW

1. The debtors have substantial equity in the log skidder.

2. The creditor's interest in the log skidder is adequately protected.

3. The creditor's request for relief from the automatic stay imposed by 11 U.S.C. § 362(a) will be denied.

---

3. H.R.Rep. 95–595 accompanied H.R. 8200 which provided four non-exclusive means of providing adequate protection. A provision which was later deleted stated that the debtor could provide adequate protection by granting an administrative priority to the extent that the stay or use of the property resulted in a decrease in value of the creditor's interest in the property.