In re WINSLOW CENTER
ASSOCIATES, Debtor.

PROVIDENT MUTUAL LIFE INSUR-
ANCE COMPANY, Plaintiff,

v.

WINSLOW CENTER ASSOCIATES, and
Jerome Blum, Trustee, Defendants.

and

The COMMITTEE OF EQUITY SECURI-
TY HOLDERS, Intervening Defendant,
and Third Party Plaintiff; derivatively
on behalf of Winslow Center Associates,

v.

Harvey PLOWFIELD, Third
Party Defendant.

Bankruptcy No. 82–00020G.
Adv. No. 82–2662G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 7, 1983.

Marjorie O. Rendell, Marshall A. Fleisher, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff, Provident Mut. Life Ins. Co.

David S. Fishbone, Ciardi & Fishbone, Philadelphia, Pa., for debtor/defendant, Winslow Center Associates.

Robert H. Levin, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for defendant/Trustee, Jerome Blum.

Leonard P. Goldberger, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for The Committee of Equity Holders, intervening defendant and third party plaintiff, derivatively on behalf of Winslow Center Associates.

David J. Picker, Norristown, Pa., for Harvey Plowfield, third party defendant.

## OPINION ·

EMIL F. GOLDHABER, Bankruptcy Judge:

A creditor, Provident Mutual Life Insurance Company ("Provident"), has instituted an adversary proceeding under 11 U.S.C. § 362(d)(1) and (d)(2) of the Bankruptcy Code seeking a modification of the automatic stay imposed by § 362(a) in order to foreclose its mortgage on the debtor's real property. For the reasons stated herein we find that Provident has borne its burden of proof under § 362(d)(1) and thus we grant the requested relief.

The facts of the case are as follows: [1] The debtor, Winslow Center Associates, filed for relief under Chapter 11 of the Bankruptcy Code on February 4, 1982. The debtor is a limited partnership having one general partner, Harvey Plowfield ("Plowfield"). The limited partners have formed a Committee of Equity Security Holders ("the Committee") which has been officially recognized by the court. Upon learning of the pendency of this adversary proceeding the Committee sought, and was granted, leave to intervene as a defendant. In responding to the complaint the Committee named Plowfield as a third party defendant. As the case unfolded, the debtor consented to the entry of judgment against it and the action against Plowfield was severed for later disposition.

The debtor owns a parcel of real property known as Winslow Center which is improved by a small shopping center. The fair market value of said property is $500,000.00. The property is encumbered by a tax lien of Winslow Township followed by a first mortgage held by Provident, for a total secured indebtedness of $468,000.00 as of June 1, 1983 excluding Provident's attorneys' fees in excess of $22,000.00. The debtor has been in default on the mortgage since November of 1981. Since that time only one monthly mortgage payment of $4,359.00 has been made. Interest on the loan continues to accrue at a rate of $2,509.00 per month. Due to the debtor's failure to make current payments to Provident and Winslow Township, the equity cushion in the property buffering Provident's security interest continues to erode.

Immediately upon the filing of a petition for relief under the Bankruptcy Code a stay arises which generally bars all debt collection efforts against the debtor or the property of the bankruptcy estate. § 362(a). Provident now seeks to modify the stay in order to foreclose its mortgage on the debtor's realty. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

---

[1] This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

In addressing § 362(d)(1) Provident asserts that relief should be granted "for cause" due to the slim equity cushion protecting its security interest. A creditor's substantiated averments on this basis, if not refuted or undercut by the debtor, are sufficient for granting relief under § 362(d)(1). *Delaware Valley Savings & Assoc. v. Curtis (In Re Curtis),* 9 B.R. 110 (Bkrtcy.E.D.Pa.1981); *Clark Equipment Credit Corp. v. Kane (In Re Kane),* 27 B.R. 902, 904 (Bkrtcy.M.D.Pa. 1983). The evidence educed by Provident indicates that the local taxing authorities have a first lien on the property which is followed by Provident's mortgage for aggregate secured indebtedness of $468,-000.00. Since the fair market value of the property is only $500,000.00, the debtor's equity cushion is only $32,000.00. Due to the debtor's failure to make current payments to Provident and the taxing authority, the equity cushion continues to erode. In light of these facts and the authority of *Curtis* and *Kane* we find that Provident has established a prima facie case for relief under § 362(d)(1).

Once a creditor has established a prima facie case for relief under § 362(d)(1), the debtor must bear the burden of establishing that the creditor's security interest is adequately protected if the debtor wishes to prevail in the action for relief from the automatic stay. *Gauvin v. Wagner (In Re Gauvin),* 24 B.R. 578 (Bkrtcy. 9th Cir.1982); *In re Kane, supra,* 27 B.R. at 905. Three nonexhaustive examples of adequate protection are stated in 11 U.S.C. § 361. That section states as follows:

§ 361. Adequate protection

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

In attempting to meet the burden of providing adequate protection, the Committee, standing in the stead of the debtor, asserts several bases of protection: (1) the trustee is preparing to make monthly mortgage payments to Provident and the taxing authorities; (2) the debtor's plan of reorganization provides for the curing of the outstanding indebtedness; (3) there has been no diminution in value as a result of the stay of Provident's security interest; (4) the plan proposed to creditors by the debtor is feasible and there is a likelihood of a successful reorganization; and (5) the debtor's equity cushion in the property is adequate. We find each of these bases without merit since none affords adequate protection under the facts of this case within the meaning of § 361. As stated in the legislative history of § 361:

The concept is derived from the fifth amendment protection of property interests. See *Wright v. Union Central Life Ins. Co.,* 311 U.S. 273 (1940); *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555 (1935). It is not intended to be confined strictly to the constitutional protection required, however. The section,

and the concept of adequate protection, is based as much on policy grounds as on constitutional grounds. Secured creditors should not be deprived of the benefit of their bargain. There may be situations in bankruptcy where giving a secured creditor an absolute right to his bargain may be impossible or seriously detrimental to the bankruptcy laws. Thus, this section recognizes the availability of alternate means of protecting a secured creditor's interest. Though the creditor might not receive his bargain in kind, the purpose of the section is to insure that the secured creditor receives in value essentially what he bargained for.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 339, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6295. The legislative history indicates that adequate protection for a secured creditor means that the creditor must receive the same *measure* of protection in bankruptcy that he would have had outside of bankruptcy although the *type* of protection may differ from the bargain initially struck between the parties. The Committee's first two assertions in support of adequate protection are nothing more than unsecured promises to satisfy Provident's secured claim. Under the facts of this case these unsecured promises are insufficient to afford adequate protection of Provident's secured interest. The Committee's third contention,—the lack of a decrease in value of Provident's security interest,—simply has no basis in fact. The debtor has failed to remain current in the payment of its debts to Provident and Winslow Township and interest on these delinquent debts has augmented the secured claims of these creditors. See, e.g., 11 U.S.C. § 506(b). Thus, Provident's security interest is continually being subject to greater risk which is causing a decline in the value of the security interest. The Committee's fourth basis for protection, the feasibility of the plan and the likelihood of a successful reorganization, are irrelevant in a request for relief under § 362(d)(1). The Committee's fifth basis for providing adequate protection, the equity cushion, has been previously found insufficient to protect Provident's security interest. Consequently, each of Committee's proffered means for providing adequate protection are without merit under the facts of this case. Since Provident has met its burden of establishing a prima facie case for relief under § 362(d)(1), which burden the debtor has not refuted, we will grant the request for relief and modify the automatic stay to allow foreclosure.