In re Charles Thomas BOBROFF, a/k/a Charles T. Bobroff, a/k/a Donney Bobroff and Zachary Fae, Debtor.

CONTINENTAL BANK, Plaintiff,

v.

Charles T. BOBROFF, Debtor,

and

James J. O'Connell, Esquire, Trustee Defendants.

Bankruptcy No. 81–01525G.
Adv. No. 83–1905G.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 13, 1983.

Alan C. Gershenson, Andrew D. Bershad, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiff, Continental Bank.

David L. Segal, Philadelphia, Pa., for debtor, Charles Thomas Bobroff, a/k/a Charles T. Bobroff, a/k/a Donney Bobroff and Zachary Fae.

James J. O'Connell, Philadelphia, Pa., Chapter 13 Standing Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether we should grant a creditor's request for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, so

the creditor can foreclose its mortgage on the debtor's realty. For the reasons stated herein we will modify the stay.

The facts of the case at bench are as follows:[1] The debtor filed for relief under chapter 7 of the Bankruptcy Code on April 24, 1981, and has since converted the case to a chapter 13 proceeding. Several years prior to the filing of the chapter 7 petition, the debtor granted Continental Bank ("Continental") a mortgage on a parcel of realty to secure payment of a loan. Due to the debtor's default on that loan Continental commenced the instant action seeking relief from the automatic stay in order to foreclose the mortgage. The indebtedness secured by Continental's mortgage is $205,000.00 while the fair market value of the realty is $125,000.00. Continental's mortgage is subordinate to encumbrances held by Home Unity Savings & Loan Association ("Home Unity") and the Internal Revenue Service ("IRS") which total $81,942.00. The Commonwealth of Pennsylvania and Girard Bank also hold encumbrances on the debtor's realty totaling $25,220.00, which are inferior to Continental's mortgage.

■ Immediately upon the filing of a petition for relief under the Bankruptcy Code an automatic stay arises which generally bars all debt collection efforts against the debtor or the property of the bankruptcy estate. § 362(a). Continental has commenced proceedings in this court pursuant to § 362(d) to modify the stay in order to foreclose its mortgage on the debtor's realty. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

In addressing § 362(d)(1), Continental asserts that relief can be granted "for cause" due to the lack of an equity cushion protecting its security interest. A creditor's substantiated averments on this basis, if not refuted or undercut by the debtor, are sufficient for granting relief under § 362(d)(1). *Delaware Valley Savings & Loan Assoc. v. Curtis* (In Re Curtis), 9 B.R. 110 (Bkrtcy.E. D.Pa.1981); *Clark Equipment Credit Corp. v. Kane* (In Re Kane), 27 B.R. 902, 904 (Bkrtcy.M.D.Pa.1983). The evidence educed at trial indicates that Continental's $205,000.00 mortgage against the $125,000.00 parcel of realty is subordinate to liens totaling $81,942.00. In light of these facts and the authority of *Curtis* and *Kane* we find that Continental has established a prima facie case for relief under § 362(d)(1).

■ Once a creditor has established a prima facie case for relief from the stay under § 362(d)(1), the debtor must bear the burden of establishing that the creditor's security interest is adequately protected if the debtor wishes to prevail in the action. *Gauvin v. Wagner* (In Re Gauvin), 24 B.R. 578 (Bkrtcy.App. 9th Cir.1982); *In Re Kane, supra,* 27 B.R. at 905. Three nonexhaustive examples of adequate protection are stated in 11 U.S.C. § 361. That section states as follows:

§ 361. Adequate protection

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

As stated in the legislative history of § 361:

The concept is derived from the fifth amendment protection of property interests. *See Wright v. Union Central Life Ins. Co.,* 311 U.S. 273 [61 S.Ct. 196, 85 L.Ed. 184] (1940); *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555 [55 S.Ct. 854, 79 L.Ed. 1593] (1935). It is not intended to be confined strictly to the constitutional protection required, however. The section, and the concept of adequate protection, is based as much on policy grounds as on constitutional grounds. Secured creditors should not be deprived of the benefit of their bargain. There may be situations in bankruptcy where giving a secured creditor an absolute right to his bargain may be impossible or seriously detrimental to the bankruptcy laws. Thus, this section recognizes the availability of alternate means of protecting a secured creditor's interest. Though the creditor might not receive his bargain in kind, the purpose of the section is to insure that the secured creditor receives in value essentially what he bargained for.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 339, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6295. The legislative history indicates that adequate protection for a secured creditor means that the creditor must receive the same *measure* of protection in bankruptcy that he would have had outside of bankruptcy although the *type* of protection may differ from the bargain initially struck between the parties. The debtor asserts that Continental is adequately protected since, in addition to the mortgage, the creditor's debt is secured by a perfected security interest in certain goods currently stored in an auction house, and by an unperfected security interest in the debtor's household furnishings and a real property leasehold. We find that only Continental's perfected security interest in the items stored at the auction house can properly be considered in determining the existence of adequate protection and we fix the value of these items at $13,216.00. Nonetheless, we find that the added security provided by the auction house items is insufficient to afford adequate protection since Continental's claim is protected by the value of these items and the realty only after the deduction of the claims of the IRS and Home Unity which have a superior secured position. Consequently, the aggregate value of the realty and the auction house items which is available to satisfy Continental's claim of $205,000.00 is only $56,274.00. This is clearly insufficient to constitute adequate protection.

As stated above the debtor contends that Continental holds an unperfected security interest in a real property leasehold and the debtor's household furnishings which should be considered in determining the existence of adequate protection. The record indicates that Continental was granted the security interest in the furnishings pursuant to the terms of the mortgage the bank seeks to foreclose and was granted the security interest in the leasehold by one of the corporations controlled by the debtor, Fae Enterprises, Inc. Although the parties agree that neither security interest is perfected according to the requirements of Pennsylvania state law, the debtor states that Continental was appointed the debtor's "attorney-in-fact to do all acts and things which [the bank] may deem necessary to perfect and continue perfected the security interest[s]" at issue. The debtor asserts that since the bank had the power to perfect these security interests it should be

deemed perfected for the purposes of this proceeding under the theory of estoppel. Although we have doubts about the applicability of an estoppel under a situation such as this, we need not resolve that issue since we find that the debtor has failed to introduce evidence in support of the elements of the theory.[2] Thus, we cannot properly consider the home furnishings or the leasehold in determining the existence of adequate protection.

Recapitulating, we find that Continental has presented a prima facie case for relief under § 362(d)(1) while the debtor has failed to prove that the bank's secured claim is adequately protected. Consequently, we will grant the relief requested and modify the automatic stay to allow the bank to foreclose its mortgage on the debtor's realty.

2. The principle of estoppel is the "representation of fact made to a party who relies thereon with the right to so rely, that may not be denied by the party making the representation if such denial would result in injury or damage to the relying party." *Rosen v. Hotel and Restaurant Employees,* 637 F.2d 592 at 597 (3d Cir.1981) (quotes and square brackets omitted), *cert. den.* 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213.