**In re Charles Thomas BOBROFF, a/k/a Charles T. Bobroff, a/k/a Donney Bobroff and Zachary Fae, Debtor.**

**Bankruptcy No. 81–01525G.**

United States Bankruptcy Court, E.D. Pennsylvania.

July 26, 1984.

David Lyle Segal, Philadelphia, Pa., for debtor, Charles Thomas Bobroff, a/k/a

Charles T. Bobroff, a/k/a Donney Bobroff and Zachary Fae.

Andrew D. Bershad, Alan C. Gershenson, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for second mortgagee.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The predominant issue [1] in the case before us is whether we should sustain the debtor's objection to the trustee's proposed sale of his realty free and clear of liens when the encumbrances on that realty greatly exceed the proposed sale price. The issue must be resolved in light of the provisions of § 363 of the Bankruptcy Code ("Code"), coupled with the second mortgagee's offer to pay the trustee or the estate a sizeable "commission" for the successful sale of the property. For the reasons set forth herein we will sustain the objection.

The facts of the case are as follows: [2] The debtor filed a petition for relief under chapter 7 of the Code on April 24, 1981. Subsequently the case was converted to a chapter 13 proceeding in July of 1981. The bankruptcy estate consisted, in part, of the debtor's residence which is worth approximately $125,000.00. But the property is encumbered by a first mortgage held by Home Unity Savings & Loan Association ("Home Unity") in the amount of $58,-600.00 and a second mortgage held by Continental Bank ("Continental") of $205,-000.00, as well as various other encumbrances of significant amounts. In September of 1983 we granted Continental's request for relief from the automatic stay under 11 U.S.C. § 362(d)(1), 32 B.R. 930, and a month later we granted its motion to reconvert the case to a chapter 7 proceeding, 32 B.R. 933. Following the entry of relief from the stay, Continental commenced foreclosure proceedings in state court on the property in question, which proceedings prompted the debtor's objections thereto that have not yet been resolved in that forum. Apparently in an effort to circumvent the adjudication of these state court objections, Continental proposed to the trustee that he act to sell the property to it free and clear of liens for $100,000.00 in exchange for which Continental agreed to compensate either the trustee or the estate by the payment of $3,000.00. Following the trustee's dissemination of a notice of the proposed sale of the realty, the debtor objected, asserting that the trustee cannot sell property free and clear of liens when the encumbrances on that property exceed the proposed sale price, notwithstanding Continental's offer of $3,000.00 to the trustee.

In the case at bench the trustee relies on his authority under § 363(b) which states that the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. The trustee's right to use, sell or lease property under § 363(b) or (c) may be exercised "only to the extent not inconsistent with any relief granted under sections 362(c), 362(d), 362(e), or 362(f)" of this title. § 363(d). The trustee may also sell property free and clear of liens under conditions expressed in 363(f):

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
>> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>>
>> (2) such entity consents;
>>
>> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of such interest;

---

1. In conjunction with the adjudication of the issue stated above, we would have resolved in this opinion the trustee's motion to hold the debtor in contempt for the debtor's failure to cooperate with the trustee, but for trustee's unofficial withdrawal of the contempt action.

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Section 363(f) clearly states that property may be sold free and clear of liens only if one of the five conditions is met. The trustee has not urged the applicability of any of these five conditions and it appears to us that none are pertinent.[3] Continental's offer of $3,000.00 does change this conclusion.

We conclude that the failure to meet any of the provisions of § 363(f) precludes the contemplated sale. Nor does the offer to pay the trustee an illegal "commission" of $3,000.00, or to pay said amount to the estate alter our judgment.

Accordingly, we will sustain the debtor's objection to the sale of his realty.

---

**3.** We note that, while under § 363(f)(2) Continental has consented to the sale, the other lienholders have not. Thus the condition of § 363(f)(2) is not met.