**In re Gerald J. GALLAGHER, Debtor.**

**Bankruptcy No. 84–02342K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 19, 1984.

Robert M. John, Hatboro, Pa., for debtor.

Robert K. Duffy, Hatboro, Pa., for Willow Grove Federal Sav. & Loan Ass'n.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The motion of Willow Grove Federal Savings and Loan Association for relief from the automatic stay pursuant to § 362(d) is before the Court. After hearing at which argument only was heard and upon examination of the stipulated documents and pleadings, we will deny the relief requested.

The facts as alleged in the pleadings are as follows:[1] Willow Grove Federal Savings and Loan Association ("movant") holds a first mortgage on real property situate at 2777 Jenkintown Road, Ardsley, Pennsylvania. The debtor, Gerald J. Gallagher, executed and issued the mortgage in March of 1973. However, in December of 1975, the debtor conveyed the premises by deed to a corporation owned by him and had the deed recorded with the Recorder of Deeds of Montgomery County. The corporation, Pest Doctor, Inc., is a non-operative Pennsylvania corporation. The debtor is the principal shareholder of the corporation and the debtor also resides in the property currently titled in the corporation's name.

Movant instituted an action in mortgage foreclosure against the debtor and Pest Doctor, Inc. in the Court of Common Pleas of Montgomery County and obtained judgment on November 18, 1983. A writ of execution was issued on June 4, 1984 by the sheriff of Montgomery County and a sheriff's sale was scheduled for July 18, 1984.

On July 12, 1984, the debtor filed a petition for adjustment of his debts under Chapter 13 of the Bankruptcy Code, thereby staying the sheriff sale. The Chapter 13 plan proposed by the debtor provides for the payment of the arrearages on the mortgage to the movant.

The movant seeks relief from the stay in order to proceed with a foreclosure sale of the property. The movant avers in the motion for relief that because the debtor does not hold legal title to the property, the property is not an asset of the estate; therefore, the property is not subject to the automatic stay and relief should be granted. Although the movant does not specify which subsection of section 362(d) relief is predicated upon, we assume that relief is sought under section 362(d)(1) for "cause" since the evidence presented at the hearing addressed the issue of ownership of the property. The motion does not mention or request adequate protection.

Immediately upon the filing of a petition, an automatic stay arises which bars:

(1) the commencement or continuation including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien gainst property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; ....

11 U.S.C. § 362(a).

Property of the estate is defined by section 541 of the Code to include all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).

A request for relief from the stay is governed by Code § 362(d), which provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest, or

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

**412**

(2) with respect to a stay of an act against property, if—

    (A) the debtor does not have an equity in such property; and

    (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

A party seeking relief from the stay under § 362(d)(1) must establish a prima facie case for such relief. *In re Bobroff*, 32 B.R. 930 (Bankr.E.D.Pa.1983); *In re Winslow Center Associates*, 32 B.R. 685 (Bankr.E.D.Pa.1983); *In re Kane*, 27 B.R. 902 (Bankr.M.D.Pa.1983).

In a hearing under § 362(d) for relief from the stay, the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property and the party opposing such relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

In the case at bench, the movant overlooks the fact that section 541(a) of the Code defines property of the estate to include all property in which the debtor has an interest, whether equitable or legal. The debtor resides in the property which the movant seeks to have relisted for sheriff's sale. Recent caselaw has held that possession alone constitutes an interest in property under § 541. *In re Lewis*, 15 B.R. 643 (Bankr.E.D.Pa.1981). *See also, In re Wilson*, 19 B.R. 45 (Bankr.E.D.Pa.1982). Therefore, we conclude that the debtor has an equitable interest in the property in question and the automatic stay is applicable to the property.

As an alternative ground for relief from the stay, the movant could have alleged lack of adequate protection in which case the burden would have been on the debtor to prove adequate protection. 11 U.S.C. § 362(g)(2). However, the motion for relief from the stay does not make any reference to adequate protection. Consequently, we have no alternative but to deny relief because the movant has not set forth any basis for relief from the stay under § 362(d).