In the Matter of CROWN CARTRIDGE CORP., Debtor.

United States District Court
S. D. New York.
Dec. 31, 1962.

Chester A. Lessler, New York City, for debtor.

Stuart B. Belanoff, Elmont, N. Y., for petitioner.

CROAKE, District Judge.

This is a petition to review an order of Referee Asa S. Herzog, dated October 17, 1962, in a proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. §§ 501–676, wherein the debtor has been continued in possession. The order denied a motion of petitioner to reclaim certain machinery and equipment formerly in the possession of the debtor subject to a "lease" agreement between the petitioner and the debtor's predecessor. The referee has held that the debtor is entitled to the property because the agreement amounted to an unrecorded conditional sales contract.

The agreement was for a period of sixty months ending in 1964 and provided for monthly "rental" payments on a sliding scale aggregating $58,616.76. After having made payments of approximately $38,500.00 under the agreement, the debtor defaulted.

By a separate instrument executed simultaneously with the lease agreement, the debtor was given the option to purchase the "leased" property at the termination of the lease period at a price of ten percent of the original cost thereof to the lessor. The cost of the property to petitioner, the lessor, totalled $45,054.79, thereby making the option price $4,505.47. Neither the lease agreement nor the option to purchase were recorded at any time as a conditional sales contract.

The referee found that the fair market value of the leased property at the conclusion of the lease would be $24,000.00.

The referee concluded that the option price was a nominal amount in relation to the fair market value of the property and that the lease agreement was a conditional sale within the meaning of Section 61 of the Personal Property Law of the State of New York.[1] He further concluded that the agreement was void as against the debtor in possession because of the failure of the conditional vendor to record the agreement as required under the Personal Property Law of New York. Accordingly, the referee denied the motion of petitioner to reclaim the property.

Where a debtor is continued in possession in Chapter X proceedings, such debtor " * * * shall have all * * * the rights, be subject to all the duties, and exercise all the powers of a trustee appointed under this chapter * * *." 11 U.S.C.A. § 588.

Under 11 U.S.C.A. §§ 586 and 587, a trustee in such a proceeding is vested with the same title to property as a trustee in ordinary bankruptcy.

Further, Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, provides that a trustee in an ordinary Bankruptcy:

" * * * as to all property, whether or not coming into possession or control of the court * * * shall be

---

1. Section 61 of the New York Personal Property Law, in so far as it relates to the definition of a conditional sale reads as follows: "In this article 'conditional sale' means (1) any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time upon the payment of part or all of the price, or upon the performance of any other condition or the happening of any contingency; or (2) any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of such goods upon full compliance with the terms of the contract."

deemed vested * * * with all the rights, remedies, and powers of a creditor then holding a lien thereon * * *."

■ Section 65 of the New York Personal Property Law provides that an unrecorded conditional sales agreement is void as to a "creditor of the buyer, who, without notice of such provision, * * * acquires by attachment or levy a lien upon" the property. It has been held that a trustee in bankruptcy of the conditional vendee has the status of a levying or attaching creditor under this statute.[2]

■ It follows, therefore, that an unrecorded New York conditional sales contract is void as to a debtor in possession.

The only issue remaining and the only issue now in dispute is whether the "lease" agreement was a conditional sales contract within the meaning of Section 61 of the New York Personal Property Law.

■ The referee stated in his decision:

"The test in determining whether an agreement is a true lease or a conditional sale is whether the option to purchase at the end of the lease term is for a substantial sum or a nominal amount (See Commentaries on Conditional Sales, Vol. 2A of the Uniform Laws Annotated, in construing Section I of the Uniform Conditional Sales Act). If the purchase price bears a resemblance to the fair market price of the property, then the rental payments were in fact designated to be in compensation for the use of the property and the option is

recognized as a real one. On the other hand, where the price of the option to purchase is substantially less than the fair market value of the leased equipment, the lease will be construed as a mere cover for an agreement of conditional sale. 32 Texas Law Review, pp. 844, 845; Legal Aspects of Selling against Leasing Machine Tools, Wisconsin Bar Bulletin (June, 1957); U. S. v. Vages, [Voges] 125 Fed.Supp. 916; Burroughs Adding Machine Co. v. Bogdon, 9 F.(2d) 54."[3]

The referee has correctly stated the general rule to be applied in determining whether an instrument is in reality a lease or a conditional sales agreement. The only question is whether he correctly applied that law in the instant case. I hold that he did.

The petitioner argues that the sum of $4,505.47 is not a nominal sum but, rather, is a substantial amount.

The finding of the referee that the fair market value of the property in question will be $24,000.00 at the conclusion of the lease term is undisputed.

While standing by itself $4,505.47 might be considered "substantial," such amount in this case should only be characterized as substantial, or nominal, when considered in relation to some other amount.

■ While $4,505.47 may be a substantial amount in relation to $1.00 or $10.00, it is not a substantial amount in relation to $24,000.00. Indeed, a purchase of items having a market value of $24,000.00 for a price of $4,505.47 is not customary practice; rather, it invites

2. In re Master Knitting Corp., 7 F.2d 11 (2d Cir. 1925); In re Rader, 194 F.2d 988 (2d Cir. 1952); Empire State Chair Co. v. Beldock, 140 F.2d 587 (2d Cir. 1944), certiorari denied, 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587 (1944).

3. In the Burroughs Adding Machine case, the court stated at page 56: "The final payment, which is nominally the purchase price, is so small in comparison with the entire purchase price as to leave no real choice to the 'lessee.'" The same might
be said in the instant case, that is, $4,505.47, the option price is small in comparison with $63,122.23, the total amount the debtor would have had to pay under the agreement to obtain title to the machinery. The referee, however, made a comparison between the option price and the value the machinery would have at the time the option would have been exercisable. Under the circumstances of this case, both approaches lead to the same result and are equally sound.

circumspection and tends to create an inference that the "lease" herein is a device for camouflaging what is in all essential respects a conditional sales contract under New York law. The purchase price is patently out of proportion to the market value of the goods.

This court holds, therefore, that the referee was correct in concluding that the purchase price of $4,505.47 provided for in the agreement was nominal in relation to the prospective fair market value of the property found to be $24,000.00. It follows that the agreement was properly held void as against the debtor in possession, because the conditional vendor failed to record it pursuant to Section 65 of the Personal Property Law of New York, and that the motion of petitioner to reclaim the property was properly denied by the referee.

Accordingly, the conclusions of the referee are affirmed.

So ordered.