**In the Matter of P. K. FOX CORPORA-TION d/b/a Sly Fox, Debtor.**

**Benita SIRGANY, Plaintiff,**

**v.**

**P. K. FOX CORPORATION d/b/a Sly Fox, Debtor, Defendant.**

**Bankruptcy No. 81–00676–BKC–SMW. Adv. No. 81–0240–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

July 1, 1981.

Raymond B. Ray, Ft. Lauderdale, Fla., for plaintiff.

E. Louis Fields, Ft. Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause came on to be heard upon Plaintiff's Complaint for: Modification of Stay (11 U.S.C § 362); Adequate Protection (11 U.S.C § 362); an Order Directing the Debtor to Abandon Assets (11 U.S.C. § 554); and, an Order Directing Turnover of Assets. The Court having heard the testimony of the witnesses, having examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Plaintiff, Benita Sirgany ("Sirgany"), is the Landlord of the Defendant, P. K. Fox Corporation (Fox), which operates a restaurant and lounge on the Sirgany premises in Ft. Lauderdale, Florida. In February, 1980 Fox purchased the restaurant and lounge from two individuals, Pirosky and Kaplan. As part of the purchase price, Fox assumed the Sirgany lease and gave to Pirosky and Kaplan a promissory note in the face amount of $175,000.00 and a security agreement covering all its personal property and its liquor license. The note provided for principal payments plus interest at 10% to be made as follows:

$25,000.00 on or before April 1, 1980; $25,000.00 on or before January 1, 1981; $62,500.00 on or before April 1, 1981; and $62,500.00 on or before April 1, 1982. The note further provided that failure to make a payment on the note or a default in the Sirgany lease created a default and accelerated the entire principal balance on the note plus accrued interest.

On or about July 4, 1980, Kaplan and Pirosky assigned the Promissory Note and Security Agreement to Benita Sirgany, who became the secured creditor of Fox as well as its Landlord. On several occasions Fox failed to make the rent payments and finally failed to make the payments required by the promissory note. In February, 1981, Sirgany filed suit in the Circuit Court and obtained a Summary Final Judgment on its note and security agreement. Pursuant to that Judgment, a foreclosure sale was scheduled by the Clerk of the Circuit Court for April 30, 1981.

On April 30, 1981, just prior to the foreclosure sale, Fox filed a Chapter 11 proceeding which stayed the sale pursuant to Title 11, U.S.C. Section 362. The A–2 and A–3 schedules filed by Fox indicate four primary creditors: Sirgany as Landlord; Sirgany as judgment creditor in the sum of $155,794.00; two priority tax creditors of approximately $13,000.00, and, the principal of the Debtor, Robin Hood, for an alleged $160,000.00. Hood later testified at trial he had invested approximately $200,000.00, almost all of which was cash.

Sirgany filed her complaint for relief from stay on May 19, 1981, and the matter was tried on June 16, 1981.

Fox never made a payment to Sirgany on the Promissory Note. Ignoring for the moment the default, acceleration and Summary Final Judgment, Fox owes Sirgany back payments of $87,500.00.

Fox admitted that its operation of the restaurant and lounge failed to make a profit during the time period of January through May of 1981. Fox closed the operation in May of 1981 and placed the facility in caretaker status. Although the testimony was in conflict, it appears there is no insurance on the real or personal property.

Fox offered testimony from a prospective purchaser to establish the fact that the value of the personal property exceeded the money owed to Sirgany. However, the prospective purchaser required as a condition to his purchase of the assets that Sirgany modify the existing lease and accept a new promissory note with the same collateral. The offer to purchase did not contemplate curing the default in the promissory note. As a practical matter, the proposed offer to purchase did not provide sufficient cash to cure the default to the Landlord and the Secured Creditor, and to pay priority and administrative expenses.

The Court finds that Fox has breached its Lease Agreement by failure to make payments pursuant to the terms of the lease and failure to maintain a policy of insurance. In addition, Fox has defaulted on the Promissory Note and Security Agreement. Fox has voluntarily terminated operation of the restaurant and lounge and presently has same in a caretaker status. Fox does not intend to reorganize, but seeks a liquidation under Chapter 11 at the expense of the Landlord and the Secured Creditor. The filing of the Chapter 11 was for the purposes of forestalling the Secured Creditor's foreclosure sale for the benefit of the principal of Fox who is the single major unsecured creditor.

In view of the evidence before this Court and the credibility of the witnesses before it, the Court finds that the Plaintiff, Benita Sirgany, is not adequately protected as contemplated by Title 11, United States Code, nor has the Defendant offered adequate protection to the Plaintiff. The Court further finds that the property in question is not necessary to a reorganization in that the Debtor does not intend to reorganize.

Accordingly, the automatic stay imposed by Title 11, United States Code, Section 362 shall be by separate judgment entered herewith modified to allow the Plaintiff to complete its foreclosure sale in the Circuit Court. In accordance with Bankruptcy Rule 921(a) a separate judgment shall be entered in accordance with the foregoing.