In re Eldred Earl AUSHERMAN and Donald Roy Ausherman, d/b/a Rockford Greenhouses, and d/b/a The Emporiums, Debtors.

FIRST NATIONAL BANK AND TRUST COMPANY OF ROCKFORD, a National Banking Association, Plaintiff,

v.

Eldred Earl AUSHERMAN and Donald Roy Ausherman, d/b/a Rockford Greenhouses and d/b/a The Emporiums, Defendants.

Bankruptcy No. 83–B–0004.
Adv. No. 83–A–0048.

United States Bankruptcy Court,
N.D. Illinois, W.D.

April 4, 1983.

Thomas Laughlin, Rockford, Ill., for plaintiff.

Larry Ohlson, Rockford, Ill., for debtors/defendants.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Complaint of First National Bank and Trust Company of Rockford for Relief from Automatic Stay. Attorney Thomas Laughlin represents First National Bank. Attorney Larry Ohlson represents the Chapter 11 Debtor/Partnership, Rockford Greenhouses and Emporiums.

First National Bank has a security interest in real estate, fixtures, inventory, machinery, accounts receivable, chattel papers, instruments and general intangibles of the Debtor. Under Section 363 of the Bankruptcy Code, a debtor is permitted to use, sell, or lease secured property if certain conditions are met. This is an important feature of a Chapter 11 rehabilitation as envisioned By Congress.

Unfortunately, secured creditors have been reluctant to accept the fact that the debtor can continue to use, sell, or lease his property; and there has been a great deal of uncertainty as to the nature of the conditions which must be met to enable him to do so, particularly the requirement of adequate protection. Occasionally, as human

nature would have it, a creditor will be reluctant to put aside the anger and frustration of not being paid, and refuse to "work with" the Chapter 11 debtor toward what should be a common goal: Rehabilitation of the business. Counsel for creditors, therefore, can play an important role in helping their clients understand the meaning and limits of adequate protection.

■ In a Chapter 7 case, it is contemplated that a creditor will promptly recover the secured property and liquidate it, thereby realizing the value of the secured property as of the date of filing. It is this value, and no other, that a secured creditor is entitled to have protected from loss or diminution during the time between filing the case and conversion, dismissal, or confirmation.

■ A common misconception is that adequate protection is lacking if the value of the collateral is substantially less than the amount of the claim. The disparity between the amount of the claim and the value of the collateral is not evidence of a lack of adequate protection, and is not grounds for vacating the stay.

Therefore, if a debtor owns real estate, inventory and 100 bags of seed subject to a security interest at the time of filing, the debtor must provide adequate protection of the secured creditor's interest in that property, measured by its value at the time of filing.

The value of real estate may remain relatively constant during the time between filing and conversion, dismissal, or confirmation. In that event, adequate protection exists as to the secured creditor's interest in that property.

The 100 bags of seed may have a value of, say, $1,000 at the time of filing. It is that value which must be adequately protected. If the seeds later become flowers or vegetables, it is only the value of the 100 bags of seed, not their value as flowers or vegetables that must be protected. Note, however, under Section 552(b), that the secured creditor will have a security interest in those flowers and vegetables. In that event, the value of the collateral securing

payment of the secured claim actually increases in value.

Inventory gives rise to problems. It is this category of property to which the matter of adequate protection most commonly must be addressed. The debtor will want to continue to operate his business, buying and selling inventory. Section 552(a) denies a security interest in the after-acquired, replenished inventory. Therefore, if the inventory is sold, the creditor's security interest in inventory possessed by the debtor at the time of filing will be lost and not recovered.

(Note that although Section 552(a) denies a security interest in after-acquired inventory, Section 552(b) extends a security interest to proceeds from the sale of property subject to a prefiling security interest, i.e., the inventory. And Section 363(c)(2) forbids use of cash collateral by the debtor until the conditions set forth therein are met. This should provide some "protection" to secured creditors, but the Code is silent on sanctions for noncompliance.)

\*     \*     \*

Here, it would appear that adequate protection exists in all property except the inventory. Section 361 describes the kinds of relief available when adequate protection is required. Section 361(2) authorizes an additional or replacement lien on new inventory.

■ Also, a debtor who does not have secured real estate adequately insured against fire and other potential loss is not entitled to continued use of the property and the protection of the automatic stay. I view this as an element of adequate protection. But even if it is not, it falls within the "for cause" grounds for vacating the stay, as set forth in Section 362(d)(1).

■ If the value of the secured property exceeded the amount of the secured creditor's claim, the Court could order the secured creditor to obtain such insurance and add the cost to the amount of its secured claim. But here, there is no equity. Any expenditure for insurance made by the secured creditor would create only an addi-

tional unsecured claim. Therefore, the real estate being uninsured, the stay should be vacated unless insurance is obtained by the debtor within a reasonable time.

An Order consistent with this Memorandum Opinion is filed herewith.

### ORDER

In accordance with the Memorandum Opinion filed herewith, it is

ORDERED that the Complaint of First National Bank and Trust Company of Rockford for Relief from Automatic Stay be and it hereby is denied; it is further

ORDERED that First National Bank may, at its option, submit a Supplemental Order to this Court, providing an additional or replacement lien on after-acquired inventory, in accordance with Section 361(2); it is further

ORDERED that the Debtor appear on Monday, April 18, 1983 at 11:15 A.M., to show cause why the stay should not be vacated at that time for failure to have adequate insurance coverage on the real estate subject to a security interest of First National Bank.