**In the Matter of STAGEDOOR, INC. d/b/a Stagedoor Restaurant, Debtor.**

**Domonic P. SEMENTELLI, Plaintiff,**

v.

**STAGEDOOR, INC., Defendant.**

**Bankruptcy No. 83–00299E.**
**Adv. No. 83–0232.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 29, 1983.

Lawrence A. D'Ambrosio, Stephen H. Hutzelman, Plate, Shapira, Hutzelman, Berlin & May, Erie, Pa., for debtor.

Charles D. Agresti, Agresti & Agresti, Erie, Pa., for plaintiff.

MEMORANDUM AND ORDER ON COMPLAINT FOR RELIEF FROM STAY

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

This matter is before the Court on a Complaint for Relief from Automatic Stay

under 11 U.S.C. § 362 to permit the plaintiff to take possession of property at 1015 State Street, Erie, Pennsylvania which had been leased by the plaintiff to the defendant. There is no dispute in the facts recited by respective counsel in opening statements made in the absence of a court reporter because, for the convenience of the defendant, the time of hearing was advanced from 10:00 a.m. to 9:15 a.m. without notice of the change to the court reporter.

The following facts are undisputed as stated by counsel in their opening statements:

The lease in question is for a period of three (3) years beginning with the time defendant took possession of the premises approximately three (3) months ago. The rental provided is $1,400.00 per month plus $117.00 per month representing 1/12 of the annual taxes and accelerated payments each year. There has been a continual history of default when payment of rent was due on the 15th of each month, and the repeated issuance of bad checks for such rents when paid after efforts of the plaintiff and counsel to obtain the same. This resulted in a Confession of Judgment in Ejectment, May 27, 1983, under which a Writ of Possession was served, the defendant was evicted and the locks changed on the premises. Thereafter, the defendant applied to the Court of Common Pleas of Erie County, Pennsylvania for an injunction asking for restoration of the premises after which, on May 27, 1983, Judge Jiuliante issued a preliminary injunction granting the relief prayed for. Thereafter, Judge Jiuliante recused himself from the proceeding on the ground that he had had prior business dealings with the defendant and the matter came before Judge Nygaard on June 20, 1983 who entered an order restoring possession of the premises to the plaintiff.

In addition to the repeated monthly defaults in payment of rent when due and issuance of bad checks therefor after periods of grace had been granted, the defendant made defaults in payment of insurance premiums required under the lease and the insurance was cancelled following which a policy was obtained from another agent who is threatening cancellation because of defaults and the issuance of bad checks for required payments. It is undisputed under both statements of counsel that the rental and insurance payments thus far made under bad checks and otherwise have only been accomplished through the efforts of counsel retained for the purpose and continual and repeated negotiations, legal action and proceedings.

The within Chapter 11 case was filed June 20, 1983 immediately after the issuance of the last Court Order of the Court of Common Pleas by Judge Nygaard restoring possession of the premises to the plaintiff earlier on that date.

It is obvious that the purpose of the Chapter 11 filing is a last ditch effort on part of defendant to retain possession of the leased premises. The property is valuable property at one of the principal intersections on State Street in the downtown section of the City of Erie. The Court takes judicial notice of the fact that rental obligations are among the first a debtor in bad financial circumstances arranges to pay as a matter of self preservation, and if such payments are repeatedly made with bad checks only after eviction proceedings are threatened and necessitated through the efforts and with the expense incident to the retention of counsel, the landlord obtains little benefit from his investment in and ownership of the leased premises.

The right of the plaintiff to possession of the premises was finalized and stabilized twice before the filing of the Chapter 11 case, once on April 27, 1983 after service of the Writ of Possession under the Judgment for Possession in the Court of Common Pleas after which the defendant physically vacated the premises and the locks were changed, and again on June 20, 1983 when Judge Nygaard entered an order restoring possession of premises to the plaintiff after full hearing on the matter. Rental payments were defaulted in and paid only through the efforts of counsel and threats of legal proceedings in the months of March, when the lease term began, and in

April and May, and the rental payment due June 15, 1983 is still in default.

The only offer of proof made by debtor's counsel in addition to the above undisputed matters related to negotiations the debtor was trying to arrange with other restaurateurs to take over the business, not any bona fide reorganization of the existing business, and it is our conclusion that a hope for such negotiations is not a valid reason to withhold possession of leased premises from the owner thereof under the undisputed facts and circumstances above set forth.

IT IS ORDERED that the plaintiff's Complaint for relief from stay and for possession of the premises at 1015 State Street, Erie, Pennsylvania be, and the same hereby is, granted under the foregoing facts and circumstances, and that the defendant, Stagedoor, Inc., is ordered to vacate said premises forthwith.

IT IS FURTHER ORDERED that leave be granted to the parties to introduce the lease, returned checks, various court orders obtained in the Court of Common Pleas of Erie County and other documents into the record on request for re-hearing for such purposes.