In re RAM MANUFACTURING, INC. (A Florida Corporation), Debtor.

In re AMPRO CORPORATION (A Pennsylvania Corporation), Debtor.

AMERICAN BANK AND TRUST CO. OF PA., Plaintiff,

v.

RAM MANUFACTURING, INC.
Ampro Corporation

and

Samuel Alper, Trustee, Defendants.

Bankruptcy Nos. 83–00101G, 83–00102G.
Adv. No. 83–0539G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 7, 1984.

Marjorie O. Rendell, Marshall A. Fleisher, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff, American Bank and Trust Co. of Pa.

Thomas B. Rutter, Rutter, Turner, Stein & Solomon, Philadelphia, Pa., for debtors/defendants, Ram Mfg., Inc., Ampro Corp.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for trustee/defendant, Samuel Alper.

Samuel Alper, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

In responses to our order of September 16, 1983, granting American Bank and Trust Company of Pennsylvania ("the Bank") relief from the automatic stay, the trustee, the Bank and the debtors' lessor have each filed motions seeking to amend our order and to reconsider our opinion in

support thereof. The Bank has also moved for an order holding the trustee in contempt for failing to comply with the September 16th order. For the reasons stated herein we will deny each of the motions.

Although the facts were previously outlined in our original opinion in this case at 32 B.R. 969, we will reiterate them here for the sake of clarity and make such additional findings of fact as may be necessary:[1] Ampro Corporation ("Ampro") and Ampro-Scully International, Inc. ("ASI"), are wholly owned subsidiaries of the debtor, Ram Manufacturing, Inc. ("Ram"). The principal offices of these three corporations are located in Montgomery County, Pennsylvania. Ram and Ampro filed for reorganization under chapter 11 of the Bankruptcy Code on January 7, 1983, and ASI filed under the same chapter shortly thereafter. The three debtors ceased conducting business on or about January 14, 1983. Several years prior to the filing of the foregoing petitions, the Bank loaned Ram $300,000.00. Subsequently this loan was increased to $500,000.00 and then to $700,000.00. In exchange for these loans Ram granted the bank a security interest in all existing and after-acquired accounts receivable, contract rights, chattel paper, machinery, equipment, inventory, general intangibles and proceeds thereof. In increasing Ram's loan from $500,000.00 to $700,000.00, the Bank requested and received the written guarantees of Ampro and ASI which were secured by the same type of collateral as that held by Ram. Ram is also indebted to the Bank on a $440,000.00 loan granted under the aegis of the Montgomery County Industrial Development Authority ("MCIDA"). Under this loan the Bank holds a perfected security interest in Ram's accounts, inventory, machinery, equipment, furniture, furnishings, subleasehold improvements and fixtures purchased with the loan money. The aggregate indebtedness under the $440,000.00 and $700,000.00 loans totalled $1,176,942.00, including principal, interest and late charges as of May 18, 1983. Ram, Ampro and ASI have been in default on the two loans for a substantial period of time while interest continues to accrue at a rate in excess of $346.00 per day. The value of the collateral available to the bank to satisfy the secured indebtedness is $643,815.00 which consists of the following: cash, $140,000.00; inventory of component parts and finished goods, $330,000.00; consoles, $75,000.00; and equipment and furniture, $98,815.00.

■ The trustee has urged eight bases for amendment of the judgment, the first of which is that our order of September 16th did not modify the stay with respect to ASI. As the Bank aptly notes, the trustee waived this objection and consented to the jurisdiction of the court as evinced by the transcript of court proceedings on May 19, 1983. As provided in 11 U.S.C. § 323(a) the trustee is the legal representative of the bankruptcy estate and as such has the power to waive *personal* jurisdiction.[2] Fed.R. Civ.P. 12(h); Bky.R. 7012(b). Our order granting relief from the stay was applicable to ASI, and we find no basis for modifying its scope.

■ The trustee also contends that we should amend our judgment and deny relief from the stay since "a real basis exists for controversy between the parties under state law." The trustee's elaboration of this allegation is unintelligible and thus we find that it fails to state a basis for reconsideration.

■ As a third basis for amendment of the judgment the trustee asserts that we erred in giving the estate's assets a distress sale value rather than a fair market value. From our opinion the trustee imputes to us the erroneous rule "that one can sell assets on a going concern basis only when the assets are in fact currently used in operations." On the contrary we did not state,

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Although objections to personal jurisdiction are waivable, objections to subject matter jurisdiction are not. Fed.R.Civ.P. 12(h); Bky.R. 7012(b).

nor did we intend to imply, such a rule of law. In the case at bench we made a factual determination that distress sale value was the proper standard. The trustee urges that this standard is erroneous since it was adopted in ignorance of numerous *post-trial* negotiations in which several parties expressed interest in purchasing some of the collateral at its fair market value. Since the trustee has failed to offer any legal support for allowing us to consider post-trial matters which, of course, are not of record, we find this basis for amendment devoid of merit.

■ The trustee also contends that the stay should not have been modified since the security interests granted by Ampro and ASI were without adequate consideration. Since the rendition of our opinion the trustee has filed a fraudulent conveyance action based on the granting of the security interest. In our previous opinion at 32 B.R. 973, we expressly found that adequate consideration was present, and consequently this allegation is without merit.

■ The trustee's fifth assertion is that in considering whether relief from the stay was appropriate we erred in affording no value to certain lawsuits which were instituted by the trustee. In fact, even though some of the actions at issue are against the United States we stated that since "security interests in unrealized accounts receivable and pending lawsuits are predicated on a third party's ability, or unsecured promise, to repay, they typically do not have sufficient integrity under § 361 to protect adequately a creditor's eroding security interest in real property." 32 B.R. at 972. Furthermore, although we did not previously establish the value of the lawsuits since we determined they are not relevant, we have reviewed them in light of the valuation procedure approved in *Bittner v. Borne Chemical Co., Inc.,* 691 F.2d 134 (3d Cir. 1892).[3] As stated in *Bittner,* "the bankruptcy court [can] estimate [creditor's] claims according to their ultimate merits rather than the present value of the probability that they would succeed in their state

court action [and] we cannot find that such a valuation method is an abuse of discretion conferred by section 502(c)(1)." *Id.* at 136. In each of the actions we find that the debtor will fail to carry its burden of proof and thus we afford each of the suits a value of zero.

■ The trustee's sixth allegation is that the realty subject to bank's security interest should not be released from the stay since the trustee has a claim against this property under 11 U.S.C. § 506(c) of the Code for the reasonable and necessary costs and expenses of preserving such property. Quite simply, the trustee has not previously raised this issue and a motion for reconsideration is not the proper way to introduce the issue.

■ The seventh contention, raising two ostensibly unrelated points, is that we erred in valuing certain electronic consoles and that the trustee should be allowed to pursue certain litigation with the costs of such litigation allowed as an administrative expense. We find this allegation unconvincing since the trustee has presented no persuasive rationale for us to redetermine the value of the consoles or to allow the pursuit of litigation while delaying relief from the stay.

■ The trustee's last contention in support of its motion for reconsideration is that there was "no evidentiary basis for finding that [ASI] was domiciled in Pennsylvania," although, in fact, it was incorporated in Florida. The trustee apparently believes that Pennsylvania was not the proper place for filing the financing statements on the collateral at issue here. In reviewing the evidence we find that Pennsylvania was the proper place for filing the financing statements since the collateral was located here. 13 Pa.Cons.Stat. § 9104. Consequently, this contention, as well as the trustee's other seven, are devoid of merit and we will deny his motion for reconsideration.

Although we granted relief in favor of the Bank in our original opinion, it, too, seeks in the alternative an order directing the trustee to cooperate with the Bank in its efforts to foreclose its security interest

---

**3.** As stated in Bittner, a determination of the value of a lawsuit is a question of fact which is subject to reversal on appeal only if "clearly erroneous." 691 F.2d at 136, n. 2.

and an order holding the trustee in contempt. We will deny the Bank's motion since no evidence was produced at the hearing in support of either request for relief. Nonetheless, we note that the denial of a finding of contempt is without prejudice to the rights of the Bank and we will entertain such a request in the event the trustee fails to deal reasonably with the Bank in its efforts to foreclose its security interests.

Gulf + Western Manufacturing Company ("Gulf"), the debtors' lessor, has also moved for reconsideration of our order of September 16th seeking a "clarification" that said order does not affect any claim it may have under § 506(c) of the Code against the Bank for recovery of the reasonable and necessary costs and expenses of preserving any collateral stored on the leased premises which the Bank may ultimately repossess. Gulf, like the trustee, has failed to raise previously this issue and it cannot now be initially addressed on a so-called motion for reconsideration.

We will enter an order denying relief on all of the motions filed by the trustee, the Bank and Gulf.