In re Robert W. HEINZEROTH and Patricia K. Heinzeroth, Debtors.

Bankruptcy No. 84–00953G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 26, 1984.

Thomas Q. Ciccone, Jr., Peruto, Ryan & Vitullo, Philadelphia, Pa., for debtors/movants, Robert W. Heinzeroth and Patricia K. Heinzeroth.

Marvin Krasny, Barry D. Kleban, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Hancock Waste Removal Co., Inc., lessor.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The predominant issue at bench is whether we should grant the motion of a debtor for reconsideration of our decision of May 17, 1984, which granted a lessor relief from

the automatic stay imposed by Section 362(a) of the Bankruptcy Code ("the Code") in order that it might repossess a vehicle leased to the debtor. For the reasons stated herein, we find that the lessor has met its burden of proof under § 362(d)(1) and, therefore, will deny the motion, and allow the lessor to retain possession of the vehicle.

The facts of the case are as follows: [1] Robert W. Heinzeroth and Patricia K. Heinzeroth ("the debtors") filed a voluntary petition for reorganization under chapter 11 of the Code on March 23, 1984. Several years prior to the filing of the petition, the debtors had leased a Mack truck ("the vehicle") from Hancock Waste Removal, Inc. ("the lessor"), a rubbish removal business. Pursuant to the terms of the lease purchase agreement, the debtors had the option of purchasing the vehicle at the end of the lease term for $12,000.00. The debtors paid a $12,000.00 security deposit to the lessor for future rental payments. On the same day that the lease purchase agreement was executed, the husband-debtor, the lessor and another entity executed a contract whereby the husband-debtor was to be compensated for trash hauling services to be rendered to the lessor and the other entity ("the service contract"). In derogation of the lease, the debtors allowed the insurance on the vehicle to lapse in March of 1984, thereby prompting the lessor to pay the $7,474.50 premium.

At the time of the filing of the petition, the balance due under the lease purchase agreement was $84,546.70, and the debtors were in default in the amount of $14,111.90. No post petition payments were made. The current fair market value of the vehicle is $50,000.00, and its estimated value at the expiration of the lease term is between $10,000.00 and $15,000.00.

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** Our rationale for granting the motion was that an action for relief from the stay is not the proper forum in which to litigate counterclaims. *American Bank and Trust Co. v. Ram Manufac-*

■ The lessor commenced proceedings pursuant to § 362(d)(1) and (d)(2) to modify the stay in order to repossess the vehicle that it had leased to the debtors. We granted the motion after a hearing at which the debtors failed to appear. The debtors petitioned for rehearing which we granted. At the hearing we granted the lessor's motion to strike the debtors' counterclaim which was based on the service contract.[2]

■ Before addressing the issue of whether the lessor is entitled to relief from the stay, we must make the threshold determination of whether the lease purchase agreement is a lease or a sale contract. The debtors characterize the lease-purchase agreement as a contract for sale in an attempt to establish an equity interest in the vehicle, while the lessor asserts that the document created a lease. The question requires a comparison of the purchase option price with the fair market value of the property.

> The test in determining whether an agreement is a true lease or a conditional sale is whether the option to purchase at the end of the lease term is for a substantial sum or a nominal amount .... If the purchase price bears a resemblance to the fair market price of the property, then the rental payments were in fact designated to be in compensation for the use of the property and the option is recognized as a real one. On the other hand, where the price of the option to purchase is substantially less than the fair market value of the leased equipment, the lease will be construed as a mere cover for an agreement of conditional sale.

*In re Crown Cartridge Corp.*, 220 F.Supp. 914 (S.D.N.Y.1962). This court applied that test in *In re Universal Medical Services,*

*turing, Inc.* (In re Ram), 32 B.R. 969 (Bankr.E.D. Pa.1983), *recon. denied,* 36 B.R. 822 (Bankr.E.D. Pa.1984); *In re Vacuum Cleaner Corp. of America,* 33 B.R. 701 (Bankr.E.D.Pa.1983). Therefore, we need not consider evidence offered by the debtors in support of the subject matter of the counterclaim.

*Inc.*, 8 U.C.C.Rep.Serv. 614 (Bankr.E.D.Pa. 1970). There we concluded that when the fair market value of the depreciated property approximated the purchase option price, the amount of the purchase price was not nominal and the contract was a lease. We reach the same conclusion at the case at bench. Since the value of the depreciated vehicle which is between $10,000.00 and $15,000.00 approximates the purchase option price of $12,000.00, the purchase price amount is not nominal and the agreement is a lease.

■ The lessor asserts that it is entitled to relief from the stay under § 362(d)(1) and (d)(2) of the Code. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

A party seeking relief from the stay under § 362(d)(1) must establish a prima facie case for such relief. *Continental Bank v. Bobroff* (In re Bobroff), 32 B.R. 930 (Bankr.E.D.Pa.1983); *Provident Mutual Life Insurance Co. v. Winslow Center Associates* (In re Winslow), 32 B.R. 685 (Bankr.E.D.Pa.1983); *Clark Equipment Credit Corp. v. Kane* (In re Kane), 27 B.R. 902 (Bankr.M.D.Pa.1983).

■ In addressing § 362(d)(1), the lessor asserts that the insurance coverage lapse on the vehicle constitutes a basis for relief from the stay. A debtor who fails to provide insurance coverage is not entitled to the protection of the automatic stay under § 362(d)(1). *First National Bank v. Aush-*

*erman* (In re Ausherman), 34 B.R. 393 (Bankr.N.D.Ill.1983); *Sirgany v. P.K. Fox Corp.* (In re P.K. Fox Corp.), 12 B.R. 134 (Bankr.S.D.Fla.1981); *Ward v. Scott Segal Farms, Inc.* (In re Scott Segal Farms), 31 B.R. 377 (Bankr.S.D.Fla.1983); *Sementelli v. Stagedoor, Inc.* (In re Stagedoor, Inc.), 32 B.R. 13 (Bankr.W.D.Pa.1983). As we stated above, the lessor's payment of insurance coverage to protect his interest in the vehicle was necessitated when the debtor allowed the coverage to lapse.

Since the debtor has produced no evidence to refute the lessor's case, we conclude that the granting of relief from the stay was appropriate, and will deny the debtor's motion for reconsideration. Because the lessor has met its burden of proof under § 362(d)(1), we need not address the issue of whether the lessor is entitled to relief under § 362(d)(2).

■ The debtors also assert that the agreement is an installment sale contract which violates Pennsylvania's Motor Vehicle Sales Finance Act ("the Act"), Pa.Stat. Ann. tit. 69, §§ 601 *et seq.* (Purdon 1965 & Supp.1984), and is, therefore, unenforceable. We need not undertake a detailed analysis of the Act to determine that the debtors' position is without merit.

The Act's purpose was to modify the "nefarious, unscrupulous and improper practices" in the financing of motor vehicles which prevailed among some sellers, sales finance companies and banks. § 602(a). This court has previously noted that the statute was aimed at immediate sellers, such as car dealerships; financial institutions which acquire contract rights in the debtor's obligation to the seller through the purchase or assignment of the debtor's note; and financial institutions which frequently influence the credit policies of sellers. *Joyce v. Fidelity Consumer Discount Co.* (In re Joyce), 41 B.R. 249 (Bankr.E.D.Pa.1984).

A seller under the Act is *"a person engaged in the business of selling, hiring or leasing motor vehicles* under installment sale contracts or any legal successor in interest to such person." § 603(4) (empha-

sis added). As we indicated above, the lessor is in the rubbish removal business and does not qualify as a seller, sales finance company or bank.