**In re A.W. LOOF, Debtor.**

**A.W. LOOF, Plaintiff,**

v.

**The FRANKFORD TRUST COMPANY and James J. O'Connell, Trustee, Defendants.**

**Bankruptcy No. 84–00442G.**
**Adv. No. 84–0107G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 12, 1984.

Michael Donahue, Delaware County Legal Asst., Chester, Pa. for debtor/plaintiff, A.W. Loof.

James H. Gorbey, Jr., Gorbey & Gorbey, Media, Pa. for the defendant, The Frankford Trust Co.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Bankruptcy Judge.

The issue presented to us is whether we should direct the turnover of an automobile where a secured creditor repossessed the vehicle shortly before the filing of the debtor's petition for the repayment of its debts under chapter 13 of the Bankruptcy Code ("the Code"). For the reasons expressed below we will deny the complaint for turnover.

The facts of this case are as follows:[1] The debtor has been in the business of renting limousines since 1976. The Frankford Trust Company ("Frankford"), who is a creditor holding a security interest in this vehicle, repossessed it on the last day of January 1984, due to the debtor's default on the secured obligation. The debtor filed a petition for the repayment of his debts under chapter 13 of the Code on February 9, 1984. The debtor filed a complaint seeking turnover of the vehicle under 11 U.S.C. § 542. The automobile in question is currently uninsured.

Section 542(a)[2] of the Code provides that an entity, other than a custodian, in possession or control of property that the trustee may use, sell or lease under 11 U.S.C. § 363, or that the debtor may exempt, shall deliver such property to the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. § 542. Turnover of property to the estate
   (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the

trustee unless that property is of inconsequential value to the estate. In construing § 542, the United States Supreme Court has recently held that "the reorganization estate [of a chapter 11 debtor] includes property of the debtor that has been seized by a creditor prior to the filing of the petition for reorganization." *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 2315, 76 L.Ed.2d 515 (1983). The debtor's right to turnover apparently terminates when the creditor becomes vested with an ownership interest in the repossessed property rather than a mere possessory interest. *Id.* at 2316. Turnover likewise must be denied unless the debtor proves that the creditor's interest in the property is adequately protected. 11 U.S.C. § 363(e); *Whiting Pools,* 103 S.Ct. at 2313. In the case at bench the vehicle in question is not insured and as such it is not adequately protected. *In Re Heinzeroth,* 40 B.R. 518 (Bankr.E.D.Pa., 1984); *First National Bank and Trust Company of Rockford v. Ausherman (In Re Ausherman),* 34 B.R. 393 (Bankr.N.D.Ill.1983); *Ward v. Scott Segal Farms, Inc. (In Re Scott Segal Farms, Inc.),* 31 B.R. 377 (Bankr.S.D.Fla.1983). In light of this conclusion we need not decide whether the rule announced in *Whiting Pools* for chapter 11 debtors is applicable to the case at bench which is a chapter 13 proceeding. We will enter an order denying the complaint for turnover.

value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).