**In re UNITED NESCO CONTAINER CORPORATION (related to United Nesco Management Company), Debtor.**

**Bankruptcy No. 81–05414K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

March 5, 1985.

Thomas B. Kenworthy, Philadelphia, Pa., to debtor.

Leonard P. Goldberger, Philadelphia, Pa., to Cornell Leasing Corp.

Marvin Krasny, Philadelphia, Pa., to Creditors' Committee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue here is whether we should allow a lessor's claim for damages resulting from rejection of a lease, over a debtor's objection that the lessor voluntarily terminated the lease and that no damages were incurred. For the reasons stated herein, we find that damages were incurred by the lessor from rejection of the lease, although not in the amount claimed. Therefore, we will allow the claim on the condition that the lessor amend the proof of claim to reflect the appropriate amount of damages.

The facts of the case are as follows: [1] In 1980, United Nesco Management Company ("debtor") leased computer equipment ("equipment") from Cornell Leasing Corporation ("lessor") for a term of five (5) years. The lease agreement ("lease") stated in pertinent part:

20. REMEDIES. Should any event of default occur and be continuing, Lessor may, without notice to or demand upon Lessee, without retaking possession of the Equipment, accelerate and cause to become immediately due and payable all rents and other sums payable under the terms hereof; OR MAY TAKE POSSESSION OF THE EQUIPMENT (WITHOUT LIABILITY TO LESSEE THEREFOR WHICH IS HEREBY EXPRESSLY WAIVED) AND EITHER (a) RETAIN POSSESSION OF THE EQUIPMENT UNTIL LESSOR SHALL TERMINATE THE LESSEE'S INTEREST IN THE EQUIPMENT BY GIVING LESSEE WRITTEN NOTICE TO THE EFFECT IN WHICH EVENT THE LESSEE SHALL BE LIABLE FOR ALL RENTS AND OTHER SUMS ACCRUED AND UNPAID PRIOR TO SUCH TERMINATION; (b) LEASE THE EQUIPMENT TO A THIRD PARTY FOR THE ACCOUNT OF LESSEE AND RECOVER FROM THE LESSEE ANY DEFICIENCY BETWEEN THE RENTS PROVIDED FOR HEREIN AND THOSE RECEIVED FROM SUCH THIRD PARTY; (c) SELL SUCH EQUIPMENT AT PUBLIC OR PRIVATE SALE, IN WHICH EVENT LESSEE SHALL PAY TO LESSOR UPON DEMAND THE AMOUNT, IF ANY, BY WHICH THE NET PROCEEDS MEANING CASH RECEIVED LESS EXPENSES OF SALE, REPAIR, TRANSPORTATION, COMMISSIONS AND COSTS, INCLUDING ATTORNEYS' FEES) OF SALE SHALL BE LESS THAN LESSOR'S UNRECOV-

---

[1] This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

ERED INVESTMENT IN THE EQUIPMENT (MEANING THE TOTAL COST THEREOF INCREASED BY RECAPTURABLE TAXES AND REDUCED BY THE PORTION OF RENTALS RECEIVED NOT ATTRIBUTABLE TO LESSOR'S TAXABLE INCOME THEREFROM); (d) RECOVER FROM LESSEE THE EXCESS RENTS AND CHARGES RESERVED HEREIN FOR THE BALANCE OF THE TERM OVER THE THEN REASONABLE RENTAL VALUE OF THE EQUIPMENT FOR THE SAME PERIOD LESSOR MAY ENFORCE ANY ONE OR MORE OF THE REMEDIES HEREUNDER SUCCESSIVELY OR CONCURRENTLY, AND ANY SUCH ACTION SHALL NOT STOP OR PREVENT LESSOR FROM PURSUING ANY FURTHER REMEDY LESSOR MAY HAVE HEREUNDER OR OTHERWISE HAVE AT LAW OR AT EQUITY, TIME AND EXACTITUDE OF EACH OF THE TERMS AND CONDITIONS HEREOF ARE HEREBY DECLARED TO BE OF THE ESSENCE OF THIS LEASE LESSOR MAY ACCEPT PAST DUE PAYMENTS WITHOUT MODIFYING THE TERMS OF THIS LEASE, AND WITHOUT WAIVING ANY FURTHER RIGHTS OF LESSOR HEREUNDER.

Less than two (2) years later, on December 31, 1981, the debtor filed a petition under Chapter 11 of the Bankruptcy Code ("Code"). The debtor's plan, which provided for rejection of the lease, was confirmed on July 20, 1982. Nine (9) days later, this Court approved a stipulation in which the parties agreed to the rejection of the lease, and the debtor's continued possession of the equipment through the period for which rental payments had been made. The stipulation did not include any provision for the release of the lessor's right to seek damages for the debtor's breach of the lease.

The lessor subsequently entered into a lease purchase agreement ("lease purchase agreement") for the recovered equipment with a third party. Pursuant to its terms, the substitute lessee had the option to purchase the equipment at the end of the lease period for $1.00. The equipment's residual value at that time is estimated at between $5,000.00 and $10,000.00.

The lessor filed a proof of claim for $110,918.07 based on damages resulting from the rejection of the lease, and calculated in conformity with a re-leasing of the equipment to a third party. The debtor filed an objection to the proof of claim, alleging that the parties' stipulation constituted a termination of the lease by the lessor, and that no damages had been incurred. Alternatively, the debtor alleged that, if the lessor were entitled to damages, the amount claimed was incorrect.

■ At the evidentiary hearing on the objection, the lessor moved for a directed verdict at the close of the debtor's case. This Court reserved decision on the motion, and the lessor proceeded to introduce evidence.[2]

---

**2.** As a preliminary matter, we have deemed the lessor's motion for a directed verdict as a motion for involuntary dismissal, which the lessor waived in presenting its evidence.

Rule 41(b) of the Federal Rules of Civil Procedure, which is incorporated in this proceeding through Bankruptcy Rule 7041, provides that a defendant in a nonjury case may move to dismiss at the close of the plaintiff's evidence on the ground that, on the facts and the law, the plaintiff has shown no right to relief. Fed.R. Civ.P. 41(b); Bankruptcy Rule 7041.

Rule 50(a) of the Federal Rules of Civil Procedure, which provides for directed verdicts, and which is incorporated in this proceeding through Bankruptcy Rule 9015, applies only to jury trials. Fed.R.Civ.P. 50(a); Bankruptcy Rule 9015; 9 Wright & Miller, *Federal Practice and Procedure* § 2523 (1971). A motion for a directed verdict in a nonjury case will be treated as if it were a motion to dismiss under Rule 41(b). Fed.R.Civ.P. 41(b); Wright & Miller § 2371.

While a Rule 41(b) motion does not constitute a waiver of the defendant's right to offer evidence, the offer of evidence after denial of the motion to dismiss constitutes a waiver of the motion and right to appeal any error in its disposition. Wright & Miller § 2371. A denial is nothing more than a refusal to enter judgment at that time, and it makes no difference whether the court expressly reserves decision on the motion or denies it. *Sec. & Exch. Comm'n v. Murphy*, 626 F.2d 633 (9th Cir.1980); *A & N.*

■ While we conclude that the lessor is entitled to damages, we do not agree as to the amount claimed. Pursuant to § 365(g)(1) of the Code, the rejection of an unexpired lease, not previously assumed, constitutes a breach of such lease, which gives rise to a claim under § 502(g).

As indicated above, the remedies clause of the lease provided that, if the lessor terminated the debtor's interest in the equipment, its damages would be limited to rents and other sums unpaid prior to such termination. Also, as indicated above, following confirmation of the debtor's plan rejecting the lease, the parties entered into a stipulation in which they agreed to the rejection of the lease, and the debtor's continued possession of the equipment for a specified time. The stipulation did not include any release of the lessor's right to seek damages.

In objecting to the damage claim, the debtor asserts that the lessor's agreement to the rejection of the lease in the stipulation constituted its voluntary termination of the lease, and that, since its payments were current at that time, no damages had been incurred.

■ Unexpired leases of the debtor may be rejected pursuant to § 365 of the Code. A proceeding to reject an unexpired lease, other than as part of a plan, is a contested matter, in which relief is requested by motion. Bankruptcy Rule 6006; Bankruptcy Rule 9014. A Chapter 11 plan, whose provisions are binding on all interested parties, must provide for the rejection of unexpired leases not previously rejected under § 365. 11 U.S.C. § 1123; 11 U.S.C. § 1141(d).

■ Since the rejection of the lease through the confirmed plan was binding on the lessor, we reject the debtor's assertion

that the lessor's stipulated acquiescence in the rejection constituted its voluntary termination of the agreement. Because the lessor did not voluntarily terminate the agreement, it is entitled to damages incurred through the debtor's breach.

Although we conclude that the lessor is entitled to damages, we do not accept its calculation of the amount claimed. As stated above, the remedies clause of the lease included provisions for the lessor's lease or sale of the equipment. As also stated above, following the rejection of the lease, the lessor entered into a lease purchase agreement for the recovered equipment, whereby the substitute lessee had the option to purchase the equipment at the end of the lease term for $1.00. Part and parcel of any determination regarding the measure of damages is a resolution of the question of whether the lease purchase agreement is a lease agreement or a sale contract.

■ A purported lease agreement will be construed as a sale where the lessee has the option to become the owner of the property for a nominal consideration. U.C.C. § 1–201(37); *In re Butcher Boy Meat Market, Inc.*, 29 U.C.C.Rep.Serv. 649 (Bankr.E.D.Pa.1980); *In re Universal Medical Services, Inc.*, 8 U.C.C.Rep.Serv. 614 (Bankr.E.D.Pa.1970); *In re Crown Cartridge Corp.*, 220 F.Supp. 914 (S.D.N.Y.1962). In the instant case, since the equipment's purchase option price of $1.00 is nominal in comparison with its estimated residual value of between $5,000.00 and $10,000.00, the agreement is a sale. Therefore, we reject the lessor's characterization of the lease purchase agreement as a lease agreement, and its concomitant computation of damages.[3]

*Club v. Great American Insurance Co.*, 404 F.2d 100 (6th Cir.1968); Wright & Miller § 2371.

**3.** As indicated above, subsection c of the remedies clause of the lease provides that, on the lessor's sale of the equipment, the debtor would be liable for the deficiency between the net proceeds of the sale and the lessor's unrecovered investment in the equipment.

Net proceeds is defined as cash received less expenses of sale, repair, transportation, commissions and costs, including attorneys' fee. Unrecovered investment includes total cost increased by recapturable taxes and reduced by the portion of rentals received not attributable to the lessor's taxable income therefrom.

Accordingly, we will allow the claim over the debtor's objection and give the lessor leave to amend its proof of claim to reflect the appropriate amount.