In re Frank HOFFER, I/D/B/A R & G Transportation, Inc., and R & G Transportation, Inc.[1] Debtor.

FARMERS & MERCHANTS BANK OF LONG BEACH, Plaintiff,

v.

Frank HOFFER, I/D/B/A R & G Transportation,

and

R & G Transportation, Defendants.

Bankruptcy No. 83–01664G.
Adv. No. 83–1245G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 2, 1983.

Sheldon Tabb, Abrams, Abramsom & Tabb, Philadelphia, Pa., for plaintiff, Farmers & Merchants Bank of Long Beach.

Steven M. Dranoff, Dranoff-Perlstein Associates, Philadelphia, Pa., for debtor, Frank Hoffer, I/D/B/A R & G Transp., Inc. and R & G Transp., Inc.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The Farmers & Merchants Bank of Long Beach ("the bank"), instituted a proceeding

---

1. We claim no authorship of either of the captions which appear at the heading of this opinion. To the contrary, we disavow their origination. The commingling of the individual debtor (in the main caption), individually and doing business as a corporate entity boggles the mind, and the severance of the corporate units (in the adversary proceeding) befuddles us as to the identities of the litigants.

under 11 U.S.C. § 362(d) of the Bankruptcy Code ("the Code") seeking a modification of the automatic stay imposed by § 362(a) in order to foreclose its security interest on the debtor's tractor and trailer. For the reasons stated herein, we find that the bank has not borne its burden of proof under § 362(d) and thus we will deny the requested relief.

Although the transcript is superficial and desultory we have pieced together the following findings of fact:[2] The debtor is an independent trucker who owns a tractor and trailer which were apparently purchased with funds advanced by Associate Commercial Corporation ("Associate"). Thereupon the debtor approached the bank seeking to refinance this indebtedness. The bank then advanced $35,400.00 to the debtor which was applied to extinguish Associate's debt. In exchange, the debtor executed an agreement with the bank, which granted it a security interest in the tractor and trailer. The bank then gave the debtor the titles to the two vehicles which carried no binding notation of the encumbrances, although the reverse side of one title bore a reference to the security interest. Upon receipt of the titles, the debtor agreed to take them to Pennsylvania for recordation of the security interests and registration. The vehicles were ultimately registered with no notation of the encumbrances appearing on the titles.

When the debtor filed a petition for reorganization under chapter 11 of the Code the bank sought relief from the automatic stay and failed to establish the value of the vehicles and neglected to prove that the debtor's failure to record the security interests was the product of fraudulent intent.

Immediately upon the filing of a petition for reorganization under the Code a stay arises which generally bars all debt collection efforts against the debtor or the property of the bankruptcy estate. § 362(a). The bank now seeks to modify the stay in order to foreclose its security interest on the debtor's vehicles. Section 362(d) provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Although the bank seeks relief under § 362(d) it has not clearly stated its grounds for such relief. The bank seems to be predicating its request on the fact that the indebtedness under the security interests on the vehicles exceeds their fair market value. If proven, the bank would have presented the court with a prima facie case under § 362(d)(1). *Provident Mutual Life Ins. Co. v. Winslow Center Associates (In re Winslow Center Associates),* 32 B.R. 685, 687 (Bkrtcy.E.D.Pa.1983). However, as noted above, the debtor has failed to prove the value of the vehicles.[3]

The bank's request for relief must also fail since it has no perfected security interest in the vehicles. In Pennsylvania the perfection of a security interest in motor vehicles must be accomplished under the Motor Vehicle Code rather than the Uni-

---

**2.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**3.** The bank's sole "proof" of the value of the vehicles is a statement in a letter of negotiation from the debtor to the bank which was introduced into evidence. The letter states in part as follows:

The bank must consider the collateral in terms of its market value while I consider its productive capability. The market value of the truck and trailer is its scrap or junk value. It would cost more to restore the truck and trailer than what it is worth. In my opinion the bank has nothing to lose and $30,000.00 to gain by going along with my proposal.

form Commercial Code. 13 Pa.Cons.Stat. § 9302(c)(2); 75 Pa.Cons.Stat. §§ 1131–1138. The encumbrances in question are not noted on the face of the titles of the vehicles and as such they are deficient. 75 Pa.Cons.Stat. § 1132.

The bank's apparent contention is that since the debtor's failure to record the security interest was fraudulent, the interest of the bank should be deemed perfected. But we fail to find any evidence of fraudulent intent. Alternatively, any equities running between the bank and the debtor cannot compromise the rights of third parties, such as the debtor in possession,[4] who had no knowledge of the underlying facts. § 544(a). A contrary result would wreak havoc in a system of notice filing such as that provided for security interest in vehicles. *Emerson Quiet Kool Corp. v. Marta Group, Inc.* (In Re Marta Group, Inc.), 33 B.R. 634 at 638 (Bkrtcy.E.D.Pa. Sept. 29, 1983) (discussing the application of equitable doctrine of estoppel to bar assertion that creditor did not perfect security interest under Uniform Commercial Code).

We will deny the bank's request for relief from the stay.

---

4. Sec. 1107(a) provides that a debtor in possession shall have all the rights and powers of a chapter 11 trustee.