

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2007

# Mfg Traders Trust v. Wyoming Sand & Stone

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4113

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mfg Traders Trust v. Wyoming Sand & Stone" (2007). *2007 Decisions.* Paper 1674.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1674

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4113

MANUFACTURERS AND TRADERS TRUST,
                                                                                  Appellant

v.

WYOMING SAND AND STONE;
TRAVELERS CASUALTY AND SURETY COMPANY

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 05-cv-0604
(Honorable A. Richard Caputo)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2007

Before:  SCIRICA, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*

(Filed: February 6, 2007)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

        Manufacturers Trade and Trust Company (M & T Bank) appeals the District

Court's order affirming the Bankruptcy Court's grant of summary judgment to Travelers

Casualty and Surety Company (Travelers) and denial of summary judgment to M & T Bank. We will affirm.

## I.

This appeal involves a dispute between M & T Bank and Travelers over proceeds from two auctions of vehicles of Wyoming Sand and Stone Company (Debtor). Travelers is an unsecured creditor of Debtor. In August 1999, Debtor secured loans from M & T Bank with liens on Debtor's vehicles. In September 2002, Debtor retained Hunyady Auction Services Company (Hunyady) to auction Debtor's remaining vehicles.

Before auction, Debtor's president requested that M & T Bank execute releases of the liens on the titles of the vehicles to be sold at auction. Debtor's president told M & T Bank that the proceeds would be used to reduce the indebtedness to M & T Bank. M & T Bank executed releases of the liens and delivered the certificates of title to Hunyady. Some of the vehicles were successfully sold at the auction in October 2002. M & T Bank received and held the proceeds from these sales. During this time, Debtor filed a voluntary Petition for Relief under Chapter 11, Title 11 of the United States Bankruptcy Code.

M & T Bank then sent a request to the Pennsylvania Department of Motor Vehicles (DMV) to issue new title certificates indicating its lien for those vehicles that Hunyady was unable to sell at the 2002 auction. DMV issued these duplicate certificates each signifying M & T Bank's lien. In August 2003, M & T Bank retained Hunyady to auction off these remaining vehicles. Hunyady asked that M & T Bank execute releases

2

of the liens on the remaining vehicles in order to maximize the proceeds derived from the auction. M & T Bank executed releases of the liens on the duplicate titles and delivered the certificates of title to Hunyady before the 2003 auction. The proceeds from that auction are being held by M & T Bank in an escrow account under the terms of a stipulation between M & T Bank and Travelers.

In September 2003, M & T Bank filed a complaint against Travelers and Debtor. Travelers filed counterclaims seeking an order from the Bankruptcy Court declaring that M & T Bank did not have a first lien security interest in the proceeds from the vehicles sold at auction. Both Travelers and M & T Bank filed summary judgment motions. The Bankruptcy Court granted summary judgment to Travelers and denied summary judgment to M & T Bank, holding that M & T Bank had released its security interest in Debtor's vehicles. The District Court, exercising jurisdiction under 28 U.S.C. § 158(a), affirmed. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Our review is plenary. *Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 353 (3d Cir. 2002).

## II.

The issue is whether the execution of the releases of M & T Bank's liens on the certificates of title constituted a release of the liens themselves. State law creates and defines rights in a bankruptcy proceeding. *Butner v. United States*, 440 U.S. 48, 55 (1979). Upon perfection of a security interest, the DMV issues a certificate of title noting the name of the lienholder. 75 Pa.C.S. § 1132.1(d).

Travelers contends that if the lienholder releases the lien from the certificate of title, the lien is released. M & T Bank disputes this conclusion. Each party relies on the decision in *In re Cavalieri,* 142 B.R. 710 (Bankr. E.D. Pa. 1992), to support its argument. In *Cavalieri*, creditor bank mistakenly executed a release of the lien on the certificate of title, marked the loan contract "Paid", and delivered the loan contract and the title to debtor by mail. *Id.* at 711–12. The Court held the lien was released. *Id.* at 719. M & T Bank contends *Cavalieri* supports its position because here the loan agreement was not marked "Paid", and the agreement and title certificate were not delivered to Debtor. Travelers contends *Cavalieri* supports its argument because the execution of the release was the significant factor.

Bankruptcy courts have interpreted the lack of a notation of a lien on the certificate of title as indicative that no lien exists. *See In re Brace*, 163 B.R. 274, 279 (finding there is no security interest where a lien is not noted on the title); *In re Hoffer,* 34 B.R. 678, 680 (Bankr. E.D. Pa. 1983) (same). Where a party acts to release a lien by signifying this on the certificate of title, the lien is released. Here, the certificates of title indicated that the liens on the vehicles had been released. M & T Bank executed releases of the liens on the titles of the vehicles, and accordingly released its liens on those vehicles. While it did so with the understanding that the release would maximize the proceeds at sale, its motive is not determinative.

Travelers cites *In re Hoffer* for the proposition that there is no lien even where the debtor's wrongful conduct eliminated the lien notation on a vehicle's certificate of title.

4

In *Hoffer*, creditor loaned money to debtor to purchase two vehicles. Debtor in turn executed an agreement with creditor granting creditor a security interest in the vehicles. Creditor subsequently forwarded the titles of the vehicles to debtor, assuming debtor would take the titles to the DMV to record the security interest. But debtor registered the titles in his name without notation of the lien on the titles. *Id.* at 679. The Court rejected creditor's argument that its interest was perfected, finding creditor had no perfected interest where the interest was not noted on the certificates. *Id.* at 680. M & T Bank contends *In re Hoffer* is distinguishable because in that case, no lien had ever been noted on the certificate of title, whereas here the lien had been noted.

We disagree. The crucial factor is whether the lien is noted on the certificates. *See id.* ("The encumbrances in question are not noted on the face of the titles of the vehicles and as such they are deficient.") (citations omitted). Because M & T Bank released the lien, no lien was noted on the certificates. As the District Court observed, neither a mistaken execution of a lien release or a failure to note a lien on a certificate of title due to a debtor's wrongful conduct give courts the ability to reform certificates of title.

M & T Bank further contends § 1135(a) of title 75 of the Pennsylvania Consolidated Statutes governs this case. Section 1135(a) provides: "[w]here there are no subsequent liens upon a vehicle, the following rules apply *upon the satisfaction of a security interest* in the vehicle . . . ." 75 Pa. C.S. § 1135(a) (emphasis added). But as both the Bankruptcy Court and the District Court observed, § 1135(a) does not provide the criteria necessary to release a lien on a certificate of title. It only requires that once a

5

lien is satisfied, the lien holder must take steps to release the lien or else face penalties. *See* 75 Pa. C.S. § 1135(c) (setting forth penalties for lien holders who fail to deliver a satisfied certificate of title as required by § 1135(a)). Here, the security interest on the vehicles was not satisfied. Accordingly, § 1135(a) does not apply.

## III.

We will affirm the judgment of the District Court.